## Case No. 5,585.

### GOODYEAR v. TOBY.

[6 Blatchf. 130.] [1]

Circuit Court, N. D. New York. May 1, 1868.

PATENTS—BILL IN EQUITY—PLEA—WANT OF CERTIFICATE AND AFFIDAVIT—WAIVER—INFRINGEMENT—WHETHER ALL WRONG-DOERS ARE NECESSARY PARTIES.

1. Where, in a suit in equity, a plea to the bill is filed, unaccompanied by any certificate of counsel, or any affidavit of the party, as required by the 31st equity rule, and the plaintiff, instead of disregarding the plea, or moving to take it from the files, or setting it down for argument, files a demurrer to it, and the cause is then regularly brought to argument, on the question of the sufficiency of the plea, the want of the certificate and affidavit must be regarded as waived by the plaintiff.

[Cited in Filer v. Levy, 17 Fed. 610.]

2. To a bill against a single defendant, alleging the infringement of a patent, by sales by him of the patented article, a plea was filed alleging that the sales were not made by the defendant alone, but were made by him and another person named in the plea: Held, that the plea was bad, because it did not allege that such other person was yet living, and within the jurisdiction of the court.

3. Whether, in a suit in equity for an account, for the infringement of a patent, all joint wrongdoers are necessary parties defendant, quere.

This was a bill in equity, alleging the infringement of letters patent, by repeated sales of the patented article, and prayed for a discovery, for an injunction, and for an account of profits. The defendant [William B. Toby] filed a plea to the bill, alleging

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

that all such sales, made prior to a day specified, were made by a firm composed of the defendant and one Snow, as partners, and not by the defendant alone, or with his knowledge or consent; and that all sales subsequently made, were made by a firm composed of the defendant and one Worden, and not by the defendant alone, or with his knowledge or consent. The plaintiff [Henry B. Goodyear, administrator of Nelson Goodyear] filed a demurrer to the plea.

HALL, District Judge. There was not attached to, or filed with, the plea in this case, any certificate of counsel, that it was, in his opinion, well founded in point of law, or any affidavit of the party, that it was not interposed for delay, as required by the 31st equity rule. That rule provides, that no demurrer or plea shall be allowed to be filed, unless upon such certificate, and when supported by such affidavit; but the plaintiff, instead of disregarding the plea, or moving to take it from the files, and instead of setting the plea down for argument, according to the 33d equity rule, and the practice of this court, filed a demurrer to the plea, substantially in the form of a demurrer to a plea in a suit at law. As there is no joinder in demurrer among the papers submitted, it is possible that the counsel for the respective parties became aware that no demurrer, or joinder in demurrer, was necessary, in order to test the sufficiency of the plea.

It was urged, at the hearing, that the plea should be overruled, or, rather, that the demurrer should be allowed, because no certificate of counsel was filed with the plea, and, also, because the plea was not supported by an affidavit that it was not interposed for delay. But these irregularities cannot be made available on the present hearing. The cause was placed upon the calendar, and was regularly brought to argument, upon the question of the sufficiency of the plea, and this must be considered as equivalent to setting down the plea for a hearing, and as a waiver of any irregularity in the filing of the plea. These objections are, therefore, overruled.

The plea does not allege that Snow, or Worden, is yet living. This would seem to be a fatal objection to the plea, even if it should be conceded that these persons, if living, are necessary parties to the bill. Under the 47th equity rule, the want of proper parties is not a fatal defect, if the parties are out of the jurisdiction of the court; and it is quite clear, that, in order to constitute the fact of a want of parties a good defence, it should be shown by the plea that the persons alleged to be necessary parties, are alive and within the jurisdiction of the court.

It may well be doubted, whether, in the case of a bill for an account for an infringement of a patent, the plaintiff is bound to make all joint wrong-doers parties to his bill; for, if they are liable severally, as well as jointly, in equity, as they clearly are at law, the plaintiff may proceed against any one of them alone, under the 51st equity rule. But the objection before stated is fatal to the plea, and it is, accordingly, overruled and disallowed, with costs.