### MARION PHOSPHATE CO. v. CUMMER et al.

(Circuit Court of Appeals, Fifth Circuit. December 5, 1893.)

#### No. 177.

1. APPEAL—REQUISITES OF BILL OF EXCEPTIONS.

A record containing the evidence in a case tried by the court without a jury, the findings, and requests and refusals to find, with occasional entries stating that plaintiff excepts, but not in form stating the ruling, the exception, or the grounds of either, although certified as a bill of exceptions, is not sufficient to permit a review of rulings on admission or rejection of evidence or findings or refusals to find.

2. PLEADING—VERIFICATION.

Verification of a plea, in an action against partners and a corporation, by one shown by the record to be, individually and as a member of the partnership and agent of the corporation, the principal and active defendant, is a sufficient compliance with the requirements of Rev. St. Fla. § 1062, and a rule of court that pleas shall be sworn to either by the defendant or his agent or attorney.

3. SAME—LEAVE TO FILE SPECIAL PLEAS.

An order overruling a motion to strike special pleas may be taken as leave granted to file them, if leave is necessary.

4. CIRCUIT COURT OF APPEALS—APPELLATE JURISDICTION.

Objections to pleas that an exhibit was made part thereof by reference, and that no sufficient bill of particulars was attached, are not reviewable by the circuit court of appeals.

5. PLEADING—SET-OFF—DEMURRER.

Under Rev. St. Fla. § 1040, which provides that no pleadings shall be deemed insufficient for any defect which heretofore could only be objected to by special demurrer, an objection that pleas of set-off of unliquidated demands arising out of contract, which sections 1069, 1075, and 1058 permit to be general, as in common counts in assumpsit, are not sufficiently specific, cannot be taken by demurrer; the remedy is by motion for more detailed bills of particulars.

6. TRIAL BY THE COURT—FINDINGS OF FACT.

Upon issues presenting the questions whether plaintiff and defendants were in default on a contract between them, each claiming a large recovery from the other, findings that defendants had substantially complied with the terms of their contract; that, so far as there had not been full compliance, it was the fault of plaintiff; and that a specific amount is due from plaintiff to defendants under the terms of the contract,—are sufficient to sustain a judgment for defendants for such amount.

In Error to the Circuit Court of the United States for the Northern District of Florida.

This was an action by the Marion Phosphate Company against F. D. and W. M. Cummer, copartners trading as F. D. Cummer & Son, and the F. D. Cummer & Son Company, a corporation, in which two separate actions, brought by plaintiff against defendants in a court of the state of Florida, and removed to the United States circuit court, were consolidated. On trial by the court without a jury, judgment was rendered for defendants. Plaintiff brought error.

John C. Cooper and Alexander R. Lawton, for plaintiff in error.

H. Bisbee, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge. The Marion Phosphate Company, plaintiff in error, brought two suits against F. D. and W. M. Cummer, copartners under the firm name of F. D. Cummer & Son, and the F. D. Cummer & Son Company, a corporation organized and existing under the laws of the state of Ohio, defendants in the circuit court of Marion county, state of Florida, which suits were afterwards removed to the United States circuit court for the northern district of Florida. One of the said suits, as originally brought, was to recover the amount of a certain draft for $3,000, paid by plaintiff to defendants. The other suit was brought to recover the amount of $6,000 under the general counts in assumpsit. In these suits, before removal, the defendants, pleaded the general issue, "Never was indebted." After the cases were removed to the United States circuit court, the defendants filed in each of said causes five additional pleas; the first of which was a plea of set-off, setting forth that the plaintiff was indebted to the defendants in a sum much greater than plaintiff's demand against defendants. To this plea the contract between the plaintiff and the defendants (which is the real subject-matter of the suits, and which relates to the construction and reconstruction of certain machinery) is attached, and made a part thereof by reference to the same as an exhibit to the plea. The remaining additional pleas were pleas of set-off, in substance upon the same allegations as are usually contained in the common counts of a declaration, to wit, respectively, for work and labor performed at plaintiff's request; for goods, wares, and merchandise sold and delivered to the plaintiff; for work done and materials furnished to plaintiff; and for money paid for plaintiff, and at his request. To all the additional pleas was attached an exhibit, giving in detail the particulars upon which defendants relied. The plaintiff filed a motion to strike the five additional pleas on five grounds, as follows:

"First. The said pleas were filed without leave of court first obtained. Second. The said pleas purport to be the joint pleas of all the defendants, but are not sworn to by any officer of the defendant F. D. Cummer & Son Company. Third. The said second plea attempts to make an alleged contract, marked 'Exhibit A,' a part thereof by reference, which is not permissi-

ble in common-law pleas.   Fourth.  The third, fourth, fifth, and sixth pleas have no sufficient bill of particulars accompanying same, particularly the item thereof: 'August 13th, to contract, $10,000,' to require replication or other pleading by plaintiff.   Fifth.  The said pleas are inconsistent with defendants' plea, already filed."

This motion being overruled, the plaintiff filed a demurrer to these pleas on the ground that they were bad in substance, specifying as follows:

"First.  Said second plea is vague, uncertain, and indefinite in not setting forth in the plea the terms of the contract referred to, but attempts to adopt same by reference to an exhibit.   Second.  Said second plea fails to state what payments, if any, plaintiff was to make, referred to in said plea.   Third. Said second plea is insufficient and uncertain in that it does not set out what the 'great damage' consists of, claimed to have been suffered by defendants. Fourth.  Said second plea sets up alleged damage not subject to offset.  Fifth. The third, fourth, fifth, and sixth pleas are vague, uncertain, and indefinite in not setting forth what the work, labor, goods, merchandise, and materials and moneys consisted of, and the terms and conditions of defendants under which defendants did such work and furnished said merchandise and materials.   Sixth.  Said third, fourth, fifth, and sixth pleas attempt to set up in general terms alleged claims against plaintiff, but should set forth the facts and conditions and particulars of said claims in said pleas."

This demurrer was overruled, whereupon the plaintiff, by leave of the court, filed five additional counts to its declaration to recover from the defendants for alleged breaches of contract on their part, and joined issue on all the defendants' pleas.

The two suits having been consolidated on motion of the plaintiff, and being fully at issue, the following stipulation was filed:

"Two cases as consolidated.   The plaintiff and defendants, by their respective attorneys, in the two above-entitled cases as consolidated and tried together, do hereby waive a jury in said causes so consolidated and tried together, and that the same be heard and determined by the court without a jury, and that the court shall make special findings of the facts and of the law, and pass upon all questions and requests of counsel, noting his decision in writing, and making his findings of law and fact and action on requests of counsel matter of record and part of the record in said cause."

The cause having been heard under this stipulation, the court rendered the following judgment:

"The Marion Phosphate Company v. F. D. Cummer and W. M. Cummer, Partners Using the Firm Name and Style of F. D. Cummer & Son, and The F. D. Cummer & Son Company.

"Findings of Facts Requested by the Defendants.

"The court finds for the defendants, and assesses their damages at seventy-two hundred and sixty-five dollars and fifty cents ($7,265.50).   Now, therefore, it is ordered and considered by the court that the defendants F. D. Cummer and W. M. Cummer, partners using the firm name and style of F. D. Cummer & Son Company, do recover of and from the plaintiff, the Marion Phosphate Company, the sum of seven thousand two hundred and sixty-five dollars and fifty cents for their damages in this behalf sustained, and the further sum of $308.35 for their costs, fees, and expenses in this their suit, together with 8 per cent. interest until paid; for which let execution issue in due course of law."

—Whereupon the plaintiff in error brought the cause to this court for a review upon 81 specified assignments of error, all but two of which relate to rulings by the court on the admission or re-

jection of evidence during the progress of the trial, and on the findings and refusals to find of the court upon both law and fact, and seem to be based upon the assumption that there are in the record bills of exceptions which so present and preserve the questions of law involved as will enable this court to review the errors complained of.

We find in the record (page 151) that following the stipulation waiving a jury, as given above, is this entry: "And thereupon, the said cause as consolidated being thus submitted to the court for trial, the following evidence was taken in said cause, and the hereinafter stated findings of facts and judgments were had therein, to wit." Then follow the contract and certain testimony, covering 421 printed pages of the record, scattered through which there are occasional entries like these: "Plaintiff excepts;" "Defendants except;" "Plaintiff, by his counsel, takes exception to the ruling of the court;" "Plaintiff, by counsel, excepts;" "Plaintiff's counsel excepts." Following the testimony there is a general finding of the court in favor of the defendants, and special findings of fact and conclusions of law as requested by defendants, to each and every one of which there is an entry in these words: "To which said opinion and finding of the court the said plaintiff, by his attorney, did then and there except." Following the findings of court it appears that the plaintiff's counsel requested the court to find 20 distinct propositions of law and fact, all of which the court refused, and to the court's refusal in each and every case an entry is made in these words: "Which said findings the said court did refuse to make, to which said opinion and rulings of the court the said plaintiff, by its attorneys, did then and there except." It further appears that the said plaintiff, by its attorney, then entered and submitted a motion in writing for a new trial upon 13 distinct grounds alleged, in regard to which this entry is made: "And, the said motion coming on to be heard, the said court did consider and decide that the said motion should not be granted, to which decision the said plaintiff, by its attorneys, did then and there except." After the last ruling appears the following: "Whereupon the court aforesaid, on the 1st day of June, A. D. 1893, at the term aforesaid, did render judgment in favor of the said defendants and against the said plaintiff in the sum of seventy-two hundred and sixty-five and 50-100 dollars damages, and three hundred and eight and 35-100 dollars costs, as appears of record; and, inasmuch as the said several matters objected to or insisted upon and considered by the court do not appear by the record of the finding and judgment aforesaid, the said plaintiff, by its attorney, did then and there propose this, its bill of exceptions, to the said opinions and decisions of the said judge, and requested him to sign the same, according to the form of the statutes in such case made and provided, which is done this, the 12th day of June, A. D. 1893." This certificate is signed by the judge, and marked, "Filed June 12th, 1893."

Conceding that the certificate above relates to the whole proceedings recited previously thereto, from the alleged heading to

the signature of the judge, and that the same constitutes one document, and was intended for a bill of exceptions, we are of the opinion that the same is not sufficient, in form and substance, to permit us to review the questions sought to be raised, for therein there is not a single exception drawn up in form stating the ruling of the court, the exception thereto, and the grounds of the ruling or of the exception, as required by the practice of the courts.

The supreme court of the United States, in the case of The Francis Wright, 105 U. S. 381–389, on the matter in hand, said:

"There is another equally fatal objection to this bill of exceptions. An evident effort has been made here, as it has been before, to so frame the exceptions as, if possible, to secure a re-examination of the facts in this court. The transcript which has been sent up contains the pleadings and all the testimony used on the trial below. The bill of exceptions sets forth that at the trial the pleadings were read by the respective parties, and the testimony then put in on both sides. This being done, the libelants presented to the court certain requests for findings of fact and of law. These requests were numbered consecutively, sixteen relating to facts and three to the law. Afterwards, six additional requests for findings of fact were presented. It is then stated that the court made its findings of fact and of law, and filed them with the clerk, together with an opinion in writing of the circuit justice who heard the cause. The libelants then filed what are termed 'exceptions' to the findings and the refusals to find. In this way exceptions were taken separately to each and every one of the facts found and the conclusions of law and to the refusal to find in accordance with each and every one of the requests made. The grounds of the exceptions are not stated. Many of the requests of the libelants are covered explicitly by the findings as actually made, some being granted and others refused. We have no hesitation in saying that this is not a proper way of preparing a bill of exceptions to present to this court for review rulings of the circuit court such as are now complained of. A bill of exceptions must be 'prepared as in actions at law,' where it is used, 'not to draw the whole matter into examination again,' but only separate and distinct points, and those of law. Bac. Abr. 'Bill of Exceptions;' 1 Saund. Pl. & Ev. 846. Every bill of exceptions must state and point out distinctly the errors of which complaint is made. It ought also to show the grounds relied on to sustain the objection presented, so that it may appear the court below was properly informed as to the point to be decided. It is needless to say that this bill of exceptions meets none of these requirements. From anything which is here presented, no judge would be presumed to understand that the specific objection made to any one of his findings was that no evidence whatever had been introduced to prove it, or to one of his refusals that the fact refused was material, and had been conclusively shown by uncontradicted testimony. No ground whatever is stated for any one of all the exceptions that have been taken. To entitle the appellants to be heard here upon any such objections as they now make to the findings, they should have stated to the court that they considered the facts refused material to the determination of the cause, and that such facts were conclusively proven by uncontradicted evidence. Under such circumstances it might have been permissible to except to the refusal, and present the exception by a bill of exceptions, which should contain so much of the testimony as was necessary to show that the facts as claimed had been conclusively proven. And so, if the exception is as to facts that are found, it should be stated that it was because there was no evidence to support them, and then so much of the testimony as was necessary to establish this ground of complaint, which might, under some circumstances, include the whole, should be incorporated into the bill of exceptions. In this way the court below would be fairly advised of the nature of the complaint that was made in time to correct its error, if satisfied one had been committed, or to put into the bill of exceptions all it considered ma-

terial for the support of the rulings. From this it is apparent we cannot, on this appeal, consider any of the rulings below which have been presented by the bill of exceptions."

To the same effect, substantially, is Lincoln v. Claflin, 7 Wall. 132.

The record shows, as filed on the same day with the judgment of the court, a document entitled in the case "Findings of Fact Requested by the Defendant," which shows that the court found for the defendants generally, and assessed their damages at $7,265.50; and immediately followed the same with special findings to the number of five conclusions on the facts of the case, and followed that with six conclusions of law and fact. This document is signed by the judge, and thereto is appended the following, bearing the same date: "To each and every of the foregoing findings the plaintiff, by their attorney, hereby excepts," signed also by the judge. This document cannot be taken as a bill of exceptions, for the reasons given in The Francis Wright, supra; but we consider it a part of the record, and, taken in connection with the terms of the stipulation waiving a jury, that proper questions of law arising thereon may be reviewed by the court.

Having eliminated from the case the alleged bills of exception, the questions presented to us for review are those which arise on the first two assignments of error and the question of law as to whether the special findings of fact are sufficient to warrant the judgment rendered against the plaintiff in error.

The first assignment of error complains of the overruling of plaintiff's motion to strike the defendants' second, third, fourth, fifth, and sixth pleas, on the ground stated in the motion hereinbefore recited. In relation to this motion counsel for appellant say that the main ground relied upon is that the pleas were not properly sworn to. The laws of the state of Florida (Rev. St. § 1062) and the common-law rule 15 (Circuit Court, State of Florida) require that all pleas shall be sworn to either by the defendant or his agent or attorney. The supreme court of the state of Florida, in speaking of this rule, says that "the affidavit is required as an evidence of the pleader's good faith in setting up the defense." State v. County Com'rs, 22 Fla. 1. In the present case the plea was sworn to by Franklin D. Cummer, who, as the record shows, was individually, and as a member of the partnership of F. D. Cummer & Son, and as the agent or representative of the F. D. Cummer & Son corporation, the principal and active defendant in the case. The other grounds for the striking seem to be no better grounded. The order of the court overruling the motion to strike may be taken as a leave granted by the court to file the special pleas, if such leave was necessary; and it is to be noticed that the Revised Statutes of Florida (section 1062) expressly authorize contradictory and inconsistent pleas. The objection that an exhibit was made part of the pleas by reference, and the further one that no sufficient bill of particulars was attached to the pleas, are not matters for review in this court.

The second assignment of error is that the court below erred in overruling the plaintiff's demurrer to the same pleas. The demurrer, as overruled, was a special demurrer, claiming that the said pleas were vague, uncertain, and indefinite in attempting to set forth the terms of a contract by reference; in failing to state what payments, if any, referred to in said pleas, plaintiff was to make; and in failing to set out the great damage claimed to have been suffered by the defendants in not setting forth what the work, labor, goods, merchandise, and materials and money, referred to in said pleas, consisted of, and may be summed up in the sixth proposition of the demurrer as follows: "Said third, fourth, fifth, and sixth pleas attempt to set up in general terms alleged claims against plaintiff, but should set forth the facts and conditions and particulars of said claims in said pleas." Section 1062 of the Revised Statutes of Florida provides "that all debts or demands mutually existing between the parties at the commencement of the action, whether the same be liquidated or not, shall be proper subjects of set off and may be pleaded accordingly;" and section 1075 of the same statutes provides the forms of pleas which shall be sufficient in the case to which they shall be respectively applicable, and the form given with regard to set-off is as follows: "The plaintiff at the commencement of this suit was and still is indebted to the defendant in an amount equal to the plaintiff's claim for [here state the cause of set off as in a declaration], which amount the defendant is willing to set off against the plaintiff's claim;" and in section 1058, Rev. St. Fla., it is provided that in causes of action on contracts a declaration may be general on all counts similar in effect to the common counts in declarations in assumpsit. It is not pretended that either or any of the pleas demurred to are insufficient in substance. The complaint being substantially that the pleas were not sufficiently specific, the remedy was not by demurrer, but by motion for more detailed or itemized bills of particulars. See section 1040, Id., which provides that "no pleadings shall be deemed insufficient for any defect which heretofore could only be objected to by special demurrer."

It is clear to us that neither the first nor second assignment of error is well taken.

A critical examination of the special findings of fact in connection with the pleadings in the case and in the light of the very able briefs filed by the complainant's counsel satisfies us that the facts specifically found by the court below, taken together, are sufficient to warrant the judgment rendered. The issues in the case presented the questions whether the plaintiff had complied with the contract or was in default, and whether the defendants had complied with the same contract or were in default; and each party claimed a large recovery from the other. The court finds that the defendants had substantially complied with the terms of their contract, and that, so far as there had not been full compliance, it was the fault of the plaintiff, and the findings are specific as to the amounts due from the plaintiff to the defendants under the terms

of the contract.   From the special findings the judgment rendered logically and necessarily follows.

The judgment of the circuit court must be affirmed, with costs, and it is so ordered.