## GRISWOLD v. BACHELLER.

### (Circuit Court, D. Rhode Island. January 14, 1897.)

### No. 2,547.

1. PLEADING—DEMURRER—WAIVER OF IRREGULARITIES.
   A general demurrer waives objection that the plea is not verified, nor supported by certificate of counsel, as required by the rules of court.

2. ABATEMENT—PENDENCY OF ANOTHER ACTION—LAW AND EQUITY.
   Suits at law and in equity are necessarily so dissimilar that, as a rule, one cannot be pleaded in abatement of the other.

3. SAME—SUFFICIENCY OF PLEA.
   A plea alleging the pendency of another action, which does not show with certainty that such action is for the same cause, and the same or similar relief, is insufficient.

E. D. Bassett and Samuel R. Honey, for plaintiff.

W. P. Sheffield, for defendant.

BROWN, District Judge. In this action of trespass quare clausum fregit the defendant pleads in abatement that, before the commencement of the present action, the plaintiff "impleaded" the defendant "in a suit in equity in this court, by bill of complaint, for the identical trespasses in the said writ and declaration mentioned." Upon general demurrer to the plea the plaintiff makes objection that it is not verified by affidavit, nor supported by the certificate of counsel, as required by sections 2 and 3 of rule 8 of the rules of the circuit court for the First circuit. This objection goes only to the reception of the plea, and the irregularity is waived by the filing of a demurrer, the office of which is to put in issue the legal effect of the plea after it has been received. Bank v. Slocomb, 14 Pet. 60; Goodyear v. Toby, 6 Blatchf. 130, Fed. Cas. No. 5,585.

The plea, therefore, must be considered upon its merits. As a court of equity has no jurisdiction over a case identical with the present action, the prior suit in equity either must be defective, or must differ in scope from the present action. Since the jurisdiction of equity is limited to cases in which the law does not afford a complete and adequate remedy, it has been held by cases both at law and in equity that two causes, one at law, one in equity, are ex necessitate so dissimilar that the pendency of one cannot be pleaded in abatement of the other. Blanchard v. Stone, 16 Vt. 234; Hatch v. Spofford, 22 Conn. 498; Kittredge v. Race, 92 U. S. 116; Colt v. Partridge, 7 Metc. (Mass.) 570; Black v. Lackey, 2 B. Mon. 257; Graham v. Meyer, 4 Blatchf. 129, Fed. Cas. No. 5,673; Story, Eq. Pl. § 742.

But, even conceding the possibility of exception to this broad statement of the rule, the defendant's plea must be held insufficient, since it does not set forth with certainty that the prior suit is for the same subject-matter, and for the same or similar relief, and since the allegations fail to show that the defendant has been twice vexed for the same matter. The demurrer is sustained.