KIRKPATRICK, District Judge.
In an application for a preliminary injunction in this case the court had occasion to consider the act of the defendant complained of in the bill of complaint. The defendant has filed a plea to the said bill, setting up “that all such acts and deeds” complained of, “if performed or done at all, * * * were wholly done or performed by it without the borders and boundaries of these United States, and wholly within the boundaries of some foreign nation.” The plea further alleges that “legal proceedings have been instituted by the plaintiff to restrain the defendant from the commissions of the very acts and deeds performed in the German Empire with regard to the word ‘Vacuum,’ which the plaintiff here again asks relief against and discovery in this suit.” Also that “the plaintiff has instituted legal proceedings in the Kingdom of Denmark to restrain the use of the word ‘Vacuum’ on petroleum oil and products sold for a purpose similar to that for which plaintiff sells its oils and products, and in advertisements, statements, publications, and writings relating to such oils and products.”
The case has been set down for argument on bill and plea, and now the complainant objects to the form of plea, in that it is multifarious. While the general rule in regard to pleadings undoubtedly is as contended for by the complainant, that the plea must be single, yet the object of the plea being to save the trouble of going into the evidence and a trial at large, and to reduce the cause to a single issue, it follows that a plea is good when, as in this case, it states several facts which *106 tend to but one conclusion, i. e., that the court has no jurisdiction over the subject-matter of the suit.
But the question before the court is not whether the plea be good or bad in form, inasmuch as complainant, having set down the plea for argument, thereby waives all objection to form, and is limited to the contention that the matter pleaded does not in law constitute a good defense. The proper practice, when objection is made to the form of a plea, is to file exceptions thereto. When a plea is set down for argument no exception can be taken to its regularity or form. Kellner v. Insurance Co. (C. C.) 43 Fed. 626. The objection to the form of plea must be overruled, and the plea in that respect taken to be good.
The bill charges infringement of the complainant’s trade-marks and unfair competition in trade by their use. As to the former, the complainant concedes that neither its “trade-marks registered in the United States nor its common-law trade-marks afford protection against acts committed wholly in foreign countries.” This must be so, for to hold that the branding of goods in a foreign country with a trade-mark registered in the United States constitutes unfair competition in trade would be but another way of extending the trade-mark rights of a citizen of the United States beyond the borders of the country.
That leaves for consideration only the general question whether the courts of the United States can take jurisdiction of the manner in which business in foreign countries is conducted, no matter by whom it is carried on; for, if the contention of the complainant be true that the court acquires jurisdiction of the action whenever it can obtain jurisdiction of the parties, it is immaterial whether the defendant, in cases of this character, be a citizen of the United States, an alien, or mere sojourner here. It cannot be successfully contended that an action to prohibit the doing of certain acts which are contrary to the spirit of fair competition in trade is founded on contract. Therefore the rule relating to the enforcement of contracts does not apply. The action, doubtless, is one sounding in tort. The law of the place of commission of the offense governs the right of recovery, and no case has been cited to the court where an act legal in the country where performed has been held to be the subject-matter of punishment, or the recovery of damages in the country where the parties happen to reside, or where service of process can be had upon them. To undertake to supervise and enjoin and declare illegal the commission of acts permitted by the laws of foreign countries, when they do not conform to our own, because, fortuitously, perhaps, we obtain jurisdiction of the person performing them, would, in my opinion, be an unwarranted interference with the sovereignty of such country. Where, however, it affirmatively appears that a legal liability has been incurred by reason of an offense committed in a foreign country and without the court’s jurisdiction, the court may be warranted in taking cognizance thereof, and, having obtained jurisdiction of the parties, may enforce the liability and permit the right of action to be pursued therein. Such rule would be founded on the principle of comity; the court * recognizing and enforcing the foreign law, if not contrary to public policy nor abstract justice. This, it will be perceived, is a very *107 different thing from seeking to prohibit the performance of acts done in a foreign country in accordance with its'laws and punishing those who are conducting their business in conformity with the law thereof. We may aid a foreign country to enforce its laws, but we cannot impose our own upon them.
Other reasons have been urged upon the court why this suit should not be entertained, but, in my opinion, the one given above is sufficient. As the matter is presented to the court, the allegations stated in the plea must be taken to be true, and on them the defendant is entitled to judgment.
Let a decree be drawn accordingly.

 2. See Equity, vol. 19, Cent. Dig. § 664.

 4. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Carter-Crume Co. v. Peurrung, 30 C. C. A. 176.