## COMPUTING SCALE CO. v. MOORE et al.

(Circuit Court, W. D. Virginia. July 17, 1905.)

1. PLEADING—VERIFICATION OF PLEAS IN EQUITY.
    Under equity rule 31, a joint plea should ordinarily be verified by all of the defendants in whose behalf it is filed.
    [Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, §§ 621, 623.]

2. SAME—WAIVER.
    Setting a plea down for argument is a waiver of objections for want of proper verification.
    [Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 672.]

3. SAME.
    When a plea in equity is not properly verified, complainant should disregard the plea and take decree pro confesso.

4. SAME—PLEA IN ABATEMENT.
    A plea in abatement must give opponent a "better writ."
    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 227.]

5. SAME.
    A plea in equity must not be uncertain or evasive. It must not tender an issue on an immaterial allegation in the bill.
    [Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, §§ 400, 403.]

(Syllabus by the Court.)

In Equity.

Church & Church and H. C. Gilmer, for complainant.
Wysor & Gardner, for defendants.

McDOWELL, District Judge.　Slight reference only need be made to the first bill, exhibited against the Pulaski Grocery Company, alleged to be a corporation, or to the plea thereto, or to the decree entered March 17, 1905.　That decree was signed as an agreed decree, and it does not represent a determination by me of any question.　The decree above mentioned allowed an amended bill to be filed, and required complainant to pay the costs "accrued to this date."　The costs taxed by the clerk do not include an attorney's fee, and a motion has been made that the taxation be corrected.　Regardless of what might be proper under other circumstances, I am of opinion to deny this motion.　The plea is incomplete and evasive.　In whose behalf it was filed, does not appear. It purports to be the plea of the Pulaski Grocery Company, and consists of nothing but a denial of the existence of a corporation of that name.　Information which should have been furnished was withheld, with the purpose apparently of delaying the complainant. Under these circumstances, I do not perceive the propriety of allowing to the person or firm filing the plea the taxable attorney fee.

The amended bill, which may, and I think should be, treated as an original bill, is exhibited against Roland R. Moore, Jr., and eight other individuals, who are alleged to be partners doing business under the firm name of the Pulaski Grocery Company, for infringement of patent rights.　This bill was filed March 25, 1905; process, returnable to May rules, was executed March 31st on each of the defendants; and at May rules there was filed a plea.　This paper is signed and certified by counsel, purports to be the plea of all the defendants, but is verified by only one of them.　It reads as follows:

"In the United States Circuit Court for the Western District of Virginia.
"To the Honorable Judges of said Court:

"Roland R. Moore, Jr., Ballard P. Miller, King E. Harman, Geo. H. Miller, Addison L. Jordan, James W. Walker, James R. K. Bell, James W. Miller, and Emmett F. Miller, Copartners Doing Business under the Firm Name and Style of the Pulaski Grocery Company, Defendants, Ads. The Computing Scale Company, Complainants.

"The Plea of Defendants to the Bill in Equity Exhibited Against Them in this Court by the Said Complainant.　In Chancery.

"Defendants, by protestation—not confessing or acknowledging all or any part of the matters and things in said bill contained to be true in any wise as set forth—for plea nevertheless say that there was not at the time of the institution of said suit, that there is not now, and that there never was any such a copartnership as is set out above, and as is alleged in the said bill, and this defendants are ready to verify:　Wherefore defendants plead to said bill and to the jurisdiction of this court, and pray the judgment of the court whether defendants should be compelled to make further or other answer to said bill, and pray to be hence dismissed, with their reasonable costs in this behalf most wrongfully expended.　　　　Wysor & Gardner, P. D.

"State of Virginia, County of Pulaski, to wit:　Emmett Miller on his oath says that he is the same Emmett Miller on whom process in the suit set out

in the foregoing plea was served, and that the allegation of the said plea is true; and affiant further says that at the time of the institution of the said suit there was not, that there is not now, and that there never was any such copartnership as Roland R. Moore, Jr., Ballard P. Miller, King E. Harman, Geo. H. Miller, Addison L. Jordan, James W. Walker, James R. K. Bell, James W. Miller, and Emmett Miller, doing business under the firm name and style of the Pulaski Grocery Company at Pulaski City, Pulaski county, Virginia, and that said plea is not interposed for delay.                    E. F. Miller.

"Subscribed and sworn to before me by the said Emmett Miller in the said county of Pulaski, this the 29 day of April 1905.                    J. F. Wysor,
"Notary Public for Pulaski County, Virginia."

Counsel for both sides appeared in chambers on the 14th of July to argue the sufficiency of this plea. Upon inquiry in the clerk's office, it appeared that there had been no rule entered in the order book setting the plea down for argument. But it does appear that on May 22d counsel for complainant wrote to the clerk to set the plea down for argument. The evident intent was that the order setting the plea down for argument should be entered at June rules. Consequently, even if the appearance here of counsel for defendants does not waive the informality, the absence of the entry in the order book is a mere misprision by the clerk, and one which has not prejudiced the defendants. As reasonable notice in pais of the date for the hearing was received by counsel for defendants, and as counsel appeared, there is, I think, no doubt as to the propriety of now making the proper order. Equity rule 3; 1 Bates, Fed. Eq. Pr. §§ 27–29.

Counsel for complainant, having reached the conclusion that the plea can be treated only as the plea of the defendant Emmett Miller, on July 14th (not a rule day), but before argument, directed the clerk to enter the decree pro confesso against the remaining defendants.

Whether or not the plea here is sufficiently verified is a question on which I have found very little authority. Equity rule 31 applies in terms to cases of a single defendant, and to cases where several defendants file separate pleas. I am inclined to think that under this rule a joint plea should ordinarily be verified by all of the defendants in whose behalf it is filed. When it is unduly expensive or inconvenient, or when it is impracticable, to procure the verification of all the defendants, and such fact is made to appear, I think there is no doubt as to the power of the court to allow a joint plea to be verified by less than all of the defendants. 1 Dan. Ch. Pr. (4th Am. Ed.) pp. 688, 689; 2 Dan. Ch. Pr. (4th Am. Ed.) 1822. There are also authorities to the effect that where the defendants are united in interest a joint pleading in behalf of such defendants need be verified by only one of them. Re Simmons, Fed. Cas. No. 12,864; 22 Ency. Pl. & Pr. 1034. See, also, Marion Co. v. Cummer, 60 Fed. 873, 878, 9 C. C. A. 279, which, however, has a very doubtful bearing on the point in hand. In the case at bar no extraordinary circumstance is made to appear, excusing verification by all of the defendants; and, as the plea (in so far as any certainty can be ascribed to it) may have been intended to deny that any of the defendants are members of the alleged partnership, or to deny that

the one who verifies it is a member of such partnership, it seems to me to follow that the plea is not sufficiently verified.

The letter of May 22d from complainant's counsel has, I think properly, been treated as setting the plea down for argument. If counsel for defendants have made a technical mistake in not having the plea fully verified, counsel for complainant have made a similar mistake in having the plea (hence the plea of all the defendants) set down for argument. While it is said in Daniell's Chancery Practice (1st London Ed.) p. 216; Id. (4th Am. Ed.) p. 688—that objection to the omission of verification of a plea in equity which should be verified cannot be waived, the great weight of authority in the federal courts is to the contrary. Goodyear v. Toby, Fed. Cas. No. 5,585; Cook v. Sterling Electric Co. (C. C.) 118 Fed. 45, 47; Kellner v. Mut. Ins. Co. (C. C.) 43 Fed. 623, 626; Vacuum Oil Co. v. Eagle Co. (C. C.) 122 Fed. 105; Griswold v. Bacheller (C. C.) 77 Fed. 857; 2 Beach, Mod. Eq. § 325.

Setting the plea down for argument waived the objection to its form. And I think that the subsequent effort of complainant's counsel to take the decree pro confesso is ineffectual. Under the circumstances here, I think the technically proper course for complainant (and the one which doubtless the learned counsel for complainant would have followed, had they taken the precaution to obtain a copy of the plea before ordering it set down for argument), would have been to disregard the plea, at least as to all the defendants except the one who verified it, and to take the decree pro confesso as to such defendants. Nat. Bank v. Ins. Co., 104 U. S. 54, 76, 26 L. Ed. 693; Sheffield v. Witherow, 149 U. S. 574, 13 Sup. Ct. 936, 37 L. Ed. 853; Amer. Co. v. Union (C. C.) 90 Fed. 598. But the effort to take the decree pro confesso came too late. In my opinion it would be more proper to now allow the plea to be fully verified than to allow the complainant to disregard and obviate its waiver of the objection. The best solution of these questions that occurs to me is to hold that the plea be treated as if in good form.

The sufficiency of the plea in point of law can, I think, be very briefly disposed of. It is incomplete, uncertain, and evasive. From reading it, we are left in total ignorance of the fact intended to be relied on. Whether the pleader intended to deny that any of the defendants are members of the firm, or allege a mistake in the name of the firm or of some one or more of the parties defendant, or to allege that some of the defendants are not members of the firm, or that the firm consists in part of some or all of the defendants and of other persons, or to deny that the firm does business at the place alleged, cannot be learned from the plea. On the argument it was stated that the fact intended to be asserted is that one of the defendants is not a member of the partnership. In a suit against several individuals, all alleged to be members of a partnership, where the liability of some one defendant depends upon his sustaining the relation of partner, I can understand that a plea by such defendant alleging that he is not a partner would present a proper issue. Such a plea would be in bar, and it could, as it seems to me, only properly be filed by the defendant who is not a member

of the firm. The plea here was, I think, intended as a plea in abatement. Waiving all other questions, it is clearly defective, in that it does not give the complainant "a better writ." Steph. Pl. (Heard) p. 431; 4 Minor, Insts. (3d Ed.) 759. But whether considered as a plea in abatement or as a plea in bar—and even if it had properly set out the fact relied on—I think it presents matter which is neither in abatement nor in bar. The defendants are sued for the commission of a tort. The averment that the defendants are partners should perhaps be considered as mere descriptio personæ, but in any event it is in this suit an immaterial allegation, and one which cannot be properly singled out for denial by plea. If by any possibility the fact that some one of the defendants is not a member of the partnership can be of materiality, such fact can be asserted by answer, and no right of such defendant will be lost by a refusal to require complainant to take issue on the plea.

An order will be entered overruling the plea, and allowing the defendants to answer on or before August rules next.