**CHINA RESOURCE PRODUCTS (U.S.A.) LTD., Plaintiff,**

v.

**FAYDA INTERNATIONAL, INC., Defendants.**

**Civ. A. No. 90–159–JLL.**

United States District Court, D. Delaware.

March 20, 1992.

Scott J. Finkelstein of Richards, Layton & Finger, Wilmington, Del., and Kathleen M. Kundar and Eduardo L. Tabio of Fox &

Horan, New York City, of counsel, for plaintiff China Resource Products (U.S.A.) Ltd.

F.L. Peter Stone of Connolly, Bove, Lodge & Hutz, Wilmington, Del., for defendant Fayda Intern., Inc.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### I. INTRODUCTION

China Resource Products (U.S.A.) Ltd. ("China Resource") filed an action against Fayda International, Inc. ("Fayda") on a breach of contract claim on April 6, 1990. Docket Item ("D.I.") 52 at ¶ 1. China Resource now moves for an order permitting the filing of an amended complaint ("Amended Complaint") that would add CPM Industries, Inc. ("CPM"), S.H. Tseng ("Tseng"), B.E. Kidner ("Kidner") and L.L. Yowell ("Yowell") as defendants and alleges additional claims against them. D.I. 52. Fayda does not object to the addition of CPM and Yowell but opposes the addition of defendants Tseng and Kidner.

### II. THE FACTS

The Court is called upon to judge the sufficiency of the Amended Complaint, and at this point the parties have not yet developed a comprehensive version of the facts. For the purposes of this motion, however, the Court will accept the facts as stated in the Amended Complaint. "The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading under Rule 12(b)(6) or (f)." *Baker v. Pacific Far East Lines, Inc.*, 451 F.Supp. 84, 89 (N.D.Cal. 1978). With regard to this standard, the Supreme Court has declared, "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Since China Resource seeks to have the opportunity to prove the facts stated in the Amended Complaint, the Court must accept this version of the facts in judging the sufficiency of the Amended Complaint.

The contract originally giving rise to this litigation provided that Fayda would purchase 187 metric tons of aluminum rods from China Resource in exchange for $500,225, due within thirty days of the invoice. D.I. 52 at Exhibit ("Ex.") A, ¶¶ 10–11. The parties then agreed on a shipment schedule. *Id.* at Ex. A, ¶¶ 12–14. China Resource shipped conforming goods to Fayda, and Fayda accepted them. *Id.* at Ex. A, ¶¶ 15–16. On July 13, 1989, China Resources and Fayda then agreed to amend the terms of the contract to reduce the purchase price to $374,256. *Id.* at Ex. A, ¶ 17. Fayda has failed to pay despite China Resource's demands. *Id.* at Ex. A, ¶ 18.

While pursuing discovery in its suit against Fayda, China Resource discovered new information. On December 17, 1989, CPM assumed assets and liabilities from Fayda in an agreement between the two ("Letter Agreement"). D.I. 55 at Ex. A. Kidner, Tseng, and Yowell executed the Letter Agreement. *Id.* All three are officers, directors and shareholders of Fayda, and Yowell is also an officer, director and shareholder of CPM. D.I. 52 at Ex. A, ¶¶ 4–6. In the Letter Agreement CPM assumed responsibility for the Amended Contract, but the company has failed to make a payment to China Resource. *Id.* at Ex. A, ¶ 25. CPM also assumed personal loan guaranties made by Kidner and Tseng to secure a bank loan of $50,000 to Fayda. D.I. 55 at Ex. A.

### III. DISCUSSION

#### A. *Standard for Allowing Amended Pleadings*

Under Federal Rule of Civil Procedure 15(a) "leave [to amend a pleading] shall be freely given when justice so requires." Consistent with this provision, the Third Circuit has stated that "a strong liberality ... in allowing amendments under Rule 15(a)" exists. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.1989) (citations omitted). More specifically, the United States Supreme Court has stated:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The Court will therefore judge whether to allow leave for amending the complaint under this liberal standard.

### B. *The Sufficiency of the Amended Complaint's Particularity*

Fayda argues that China Resource has failed to plead "fraud" with the necessary specificity under Federal Rule of Civil Procedure 9(b). Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Despite the similarity in the terms "fraud" and "fraudulent conveyance," the pleading requirements for fraud are not necessarily applicable to pleadings alleging a fraudulent conveyance.

A finding of fraudulent intent was once a necessary part of fraudulent conveyance law. Parliament passed the Statute of 13 Elizabeth in 1571 in order to prevent transfers made with the intent to defraud, hinder, or delay creditors, although common law judges soon developed per se rules that would allow the courts to treat a transaction as a fraudulent conveyance without specific evidence that suggested the debtor had tried to profit at his creditor's expense. Douglas F. Baird and Thomas H. Jackson, *Fraudulent Conveyance Law and Its Proper Domain,* 38 Vand.L.Rev. 829, 829–830 (1985). This principle continues within Delaware's version of the Uniform Fraudulent Conveyance Act ("DFCA"). Under 6 Del.Code § 1307 ("Section 1307")[1] the plaintiff may attempt to establish a fraudulent conveyance by proving an actual intent to defraud.

The DFCA, however, also moves beyond the question of fraudulent intent and judges a transaction by its effect on the debtor's unsecured creditors. Peter A. Alces, The Law of Fraudulent Transactions ¶ 5.01[2][b] (1989). As this Court stated in *United States v. West,* "The actual intent of the parties to the conveyance is of no consequence since [6 Del.Code § 1304 ("Section 1304")[2]] establishes 'an external test of constructive or legal fraud' as contrasted with the subjective 'actual intent ... to defraud' requirement of [Section 1307]." 299 F.Supp. 661, 664 (D.Del.1969) (citations omitted). The DFCA prohibits conveyances made without fair consideration by a person or entity "who is or will thereby be rendered insolvent," Section 1304, who is "engaged or about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital," 6 Del.Code § 1305, ("Section 1305")[3] or who "intends or believes that he will

---

1. Section 1307 provides that:

   Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder delay or defraud present or future creditors, is fraudulent as to both present and future creditors.

2. Section 1304 provides that:

   Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

3. Section 1305 provides that:

   Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent.

incur debts beyond his ability to pay as they mature." 6 Del.Code § 1306 ("Section 1306")[4]. Where the plaintiff establishes a fraudulent conveyance pursuant to one of these sections, he may "[h]ave the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim[,]" or "[d]isregard the conveyance and attach or levy execution upon the property conveyed." 6 Del.Code § 1309(a) ("Section 1309(a)").

Because the plaintiff need not prove actual or constructive fraud under the provisions discussed above, Rule 9(b) does not apply to pleadings made pursuant to those provisions. *See, e.g., River Road Dev. Corp. v. Carlson Corp.*, 1990 WL 69085, at *11, 1990 U.S.Dist. LEXIS 6201 at *30–31 (E.D.Pa. May 23, 1990) (allegations made under Pennsylvania version of the DFCA not subject to Rule 9(b)) (attached at D.I. 56 at Ex. A); *United States v. Schofield*, 152 F.Supp. 529, 531 n. 6 (E.D.Pa.1957) ("Since fraud need not be established under [Pennsylvania's equivalent of Section 1304], F.R.Civ.P. 9(b) is inapplicable."). Rather, the general pleading requirements of Rule 8(a) apply, requiring "a short and plain statement of the claim" rather than "particularity."[5] Fed.R.Civ.P. 8(a).

■■■ China Resource's Amended Complaint satisfies the liberal pleading require-ments of Rule 8(a). China Resource identified the participants in the conveyance and the Letter Agreement under which CPM assumed assets and liabilities. Amended Complaint, D.I. 52 at Ex. A, ¶¶ 1–6, 20–37. China Resource also alleged that the transfer was without fair consideration and rendered Fayda insolvent and unable to pay its creditors. *Id.* at Ex. A, ¶¶ 32–33. Finally, China Resource demands monetary relief. *Id.* at Ex. A, ¶ 36. The Amended Complaint "give[s] the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Rule 8(a) requires no more.[6] *Id.*

■■■ Similarly, the Amended Complaint is sufficiently precise to allege a civil conspiracy. Apart from underlying acts of fraud pled pursuant to Rule 9(b), Rule 8(a) governs the sufficiency of pleadings alleging conspiracy. *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n. 4 (2d Cir.1990); *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir.1989). "The allegations must be sufficient to 'describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy.'" *Rose*, 871 F.2d at 366 (quoting *Alfaro v. E.F. Hutton*

4. Section 1306 provides that:
   Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors.

5. Rule 8(a) requires that:
   A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled.
   Fed.R.Civ.P. 8(a).

6. Assuming fair consideration for the transfer to CPM, China Resource might still seek relief under Section 1307. A claim under Section 1307

would require special pleading under Rule 9(b) because the statute requires "actual intent." Even under this standard, however, the Amended Complaint appears sufficient. "Rule 9(b) does not require 'an exhaustive cataloguing of facts but only sufficient factual specificity to provide assurance that the plaintiff has "investigated ... the alleged fraud" and reasonably believes that a wrong has occurred.'" *Bernstein v. IDT Corp.*, 582 F.Supp. 1079, 1085 (D.Del. 1984) (citations omitted). The mental states of the defendants "may be averred generally." Fed.R.Civ.P. 9(b). As required by the rule, the Amended Complaint specifies the circumstances constituting fraud by identifying the transaction alleged to constitute the fraudulent conveyance. D.I. 52 at Ex. A, ¶ 31. The pleading of these facts is sufficient to survive scrutiny under Rule 9(b). *See River Road Dev. Corp. v. Carlson Corp.*, 1990 WL 69085 at *10, 1990 U.S.Dist. LEXIS 6201 at *26 (E.D.Pa.1990) ("[The plaintiff] has identified the conveyances with sufficient particularity so as to state a claim under [Pennsylvania's equivalent of Section 1307].").

*& Co.*, 606 F.Supp. 1100, 1117–18 (E.D.Pa. 1985)). The Amended Complaint meets these requirements. It describes the alleged conspiracy as consisting of Tseng, Kidner, and Yowell, describes the objectives as the evasion of Fayda's creditors, and identifies the vehicle of the conspiracy to be the Letter Agreement. D.I. 52 at Ex. A, ¶¶ 38–42.

### C. *The Sufficiency of the Amended Complaint's Legal Grounds*

■ Fayda also attacks the underlying grounds of the Amended Complaint as so lacking in merit that leave to amend should be denied. Tseng and Kidner could not be held personally liable under the Amended Complaint, according to Fayda, and leave to amend should therefore be denied because dismissal is likely under Rule 12(b)(6).[7] If the Court accepts Fayda's characterization of the inadequacy of the Amended Complaint's legal grounds, it would provide a proper justification for denying leave to amend. 3 MOORE'S FED. PRAC. (2d Ed.) ¶ 15.08[4], p. 15–80.

■ The situation here is not a direct disposition of assets, the classic form of a fraudulent conveyance, but a transfer of property and property rights among several parties. Nevertheless, the existence of a fraudulent conveyance depends on the satisfaction of the DFCA's provisions rather than the form of the transaction. As one commentator has noted, "Fraudulent disposition principles may be implicated in any transaction that effectively transfers property interests." Peter A. Alces, The Law of Fraudulent Transactions ¶ 5.01[1], p. 5–4 (1989). Although Fayda did not make a direct conveyance of assets to Tseng and Kidner, CPM assumed their personal obligations. D.I. 55 at Ex. A. China Resource alleges that this transfer constituted a benefit to Tseng and Kidner and that CPM

assumed the personal loan guarantees without fair consideration.[8] Pursuant to the DFCA, if the transaction is a fraudulent conveyance, China Resource may seek recovery from those who received the property in the transaction under Section 1309(a) in order to satisfy a valid claim. The Court cannot find that no trier of fact could conclude that it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief from Tseng and Kidner and therefore cannot conclude that dismissal under Rule 12(b)(6) is likely. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ China Resource also alleges claims against Tseng and Kidner as part of a civil conspiracy. In order to plead a civil conspiracy, a plaintiff must allege: (1) a confederation or combination of two or more persons; (2) an unlawful act done in furtherance of the conspiracy; and (3) actual damage. *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149–50 (Del.1987). If the conspiracy is established, Delaware law makes a conspirator jointly and severally liable for the acts of co-conspirators committed in furtherance of the conspiracy. *Id.* at 150. The Amended Complaint alleges that (1) Fayda, CPM, Yowell, Tseng, and Kidner; (2) with the intent to injure or defraud China Resource; (3) entered into the Letter Agreement; (4) which rendered Fayda insolvent and unable to repay its creditors; and (5) this action damaged China Resource in the amount of its original claim for breach of contract, plus interest. Again, while the Court does not and cannot judge whether China Resource is entitled to relief at this time, neither can the Court find that no trier of fact could conclude that China Resource can prove no set of facts to support its conspiracy theory. *See Conley v. Gib-*

---

7. "[T]he following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

8. The fact that CPM rather than Fayda assumed the loan obligation does not necessarily defeat a claim under the DFCA. Other courts have found that separate transactions may be col-

lapsed into one transaction in order to assess whether the transactions are subject to fraudulent conveyance law. *See, e.g., United States v. Tabor Court Realty Corp.*, 803 F.2d 1288, 1302–03 (3d Cir.1986), *cert. denied sub. nom. McClellan Realty Co. v. United States*, 483 U.S. 1005, 107 S.Ct. 3229, 97 L.Ed.2d 735 (1987).

*son*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

█ Finally, Fayda contends that the Court should deny leave to file the Amended Complaint because allowing the amendments would raise the specter of sanctions under Rule 11.[9] *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 680 (6th Cir.1988) (Consistent with the dictates of Rule 11, "there must be a *reasonable* basis for a plaintiff's complaint."). Since the Amended Complaint adequately satisfies the pleading requirements, the alleged errors in the Amended Complaint do not call Rule 11 into question. Furthermore, Fayda does not identify any act showing a lack of good faith on the part of China Resource. Accordingly, Rule 11 provides no justification for denying leave to file the Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court shall allow leave for the filing of the Amended Complaint.

An order will be entered consistent with this Memorandum Opinion.

---

**9.** "The signature of any attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11.