# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **KI-POONG LEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **C.A. No.: N14C-08-173 PRW** |
| | ) | |
| **ELIZABETH SO and** | ) | |
| **ELIZABETH MARIE KIM,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Submitted: September 19, 2016
Decided: November 17, 2016

## ORDER

*Upon Defendants Elizabeth So and Elizabeth Marie Kim's*
*Motion for Judgment on the Pleadings,*
**GRANTED.**

This 17th day of November, 2016, having considered Defendants Elizabeth

So ("So") and Elizabeth Marie Kim's ("Kim") (collectively "Defendants") Motion

for Judgment on the Pleadings (D.I. 78); the Plaintiff's response thereto (D.I. 88);

the parties' arguments at the hearing of this motion; and the record in this matter, it

appears to the Court that:

(1)     On October 23, 2009, Plaintiff Ki-Poong Lee ("Lee") and So executed a Promissory Note ("Note") for $300,000.[1] Lee alleged that So failed to make any payments on the Note, despite obligations to do so. Lee further alleged, "upon information and belief," that in 2013: (a) So transferred commercial subleases for property located at 1209B Maryland Avenue, Wilmington, to her daughter and co-defendant, Elizabeth Kim;[2] (b) So made the transfer "with the intent to hinder, delay and defraud" Lee from recovering the debt due under the Note;[3] and (c) So was insolvent at the time of the lease transfer.[4]

(2)     On September 3, 2015, Lee filed this action alleging multiple violations of Delaware's Uniform Fraudulent Transfers Act ("DUFTA"), including allegations of actual fraud under 6 *Del. C.* § 1304(a)(1), constructive fraud under 6 *Del. C.* § 1304(a)(2), and fraud as to present creditors under 6 *Del. C.* § 1305.[5]

---

[1]     Resp. in Opp'n to Mot. for J. on the Pleadings ("Opp'n Mot."), *Lee v. So, et al.*, C.A. No. N14C-08-173 PRW (Del. Super. Ct. May 23, 2016) (D.I. 88), Ex. A. ¶ 4 (Complaint).

[2]     *Id.* at ¶ 7.

[3]     *Id.* at ¶ 9.

[4]     *Id.* at ¶ 14.

[5]     *Id.* (citing provisions of DEL. CODE ANN. tit. 6, §§ 1301–1311). Lee's "Fraud Action" Complaint, which is the subject of this Motion, was originally filed in *Lee v. So, et al.*, C.A. No. N15C-09-037 PRW. On November 18, 2015, the Court consolidated that case with the then-pending action ("Debt Collection" action) between the parties pursuant to Superior Court Civil Rule 42(a) under the caption C.A. No. N14C-08-173 PRW. *See* Order Consolidating Cases and Amending Case Caption, C.A. No. N14C-08-173 PRW (Del. Super. Ct. Nov. 18, 2015) (D.I. 46).

(3)     His Complaint seeks DUFTA remedies including: (a) an avoidance of the sublease transfers; (b) an injunction prohibiting further transfers of property; (c) attachment judgment to the subleases;[6] as well as (d) an immediate accounting of all of Defendants' assets.

(4)     On May 3, 2016, Defendants filed the instant Motion for Judgment on the Pleadings under Superior Court Civil Rule 12(c).[7] Defendants argue, first, that Lee has failed to meet the particular pleading requirements of fraud. Lee, they say, has not alleged particular facts regarding fraudulent transfers, but instead made only conclusory allegations "based upon information and belief." These allegations, they say, are not sufficient under Rule 9(b). Second, Defendants assert that this Court lacks jurisdiction to issue an injunction.

(5)     On May 9, 2016, with the parties' consent, the Court entered a second Amended Trial Scheduling Order.[8] That Order noted that the time for motions to amend the Complaint had already passed and that an Amended Answer had been filed some months before.

---

[6]     See DEL. CODE ANN. tit. 6, § 1307(a)(1) (2014) (avoidance); *id.* at § 1307(a)(3) (prohibiting further transfers); *id.* at § 1307(a)(2) (attachment).

[7]     Mot. for J. on the Pleadings, *Lee v. So, et al.*, C.A. No. N14C-08-173 PRW (Del. Super. Ct. Sept. 3, 2015) (D.I. 78).

[8]     Am. Scheduling Order, *Lee v. So, et al.*, C.A. No. N14C-08-173 PRW (Del. Super. Ct. May 9, 2016) (D.I. 86).

-3-

(6) Yet, two weeks later, Lee filed a Motion for Leave to File an Amended Complaint.[9] Lee's Motion for Leave to Amend was denied because it was brought well outside the deadlines set by the Trial Scheduling Order.[10]

(7) In his Response to Defendants' Motion for Judgment on the Pleadings, filed the same day as his Motion to File an Amended Complaint, Lee asserts that he has met the pleading requirements for fraud.[11] Lee cites certain case law for the proposition that the Delaware Superior Court has subject matter jurisdiction to order equitable relief for claims brought under the DUFTA. He points out that the Delaware Supreme Court, pursuant to the Del. Const. art. IV, § 13(2), can appoint a Superior Court judge to sit on the Court of Chancery for the purposes of hearing and determining all issues in a case.[12] Lastly, he suggests that the Court just strike his request for injunction.

(8) The standard for granting a motion for judgment on the pleadings under Superior Court Civil Rule 12(c) requires a finding that "there are no material

---

[9] Mot. for Leave to File Am. Compl., *Lee v. So, et al.*, C.A. No. N14C-08-173 PRW (Del. Super. Ct. May 23, 2016) (D.I. 87).

[10] Order, *Lee v. So, et al.*, C.A. No. N14C-08-173 PRW (Del. Super. Ct. May 23, 2016) (D.I. 95).

[11] Opp'n Mot. at ¶¶ 9-10.

[12] *Id.* at ¶ 7 (citing *Caldera Props. – Lewes/Rehoboth VII, LLC v. Ridings Dev., LLC*, 2009 WL 2231716, at *1 (Del. Super. Ct. May 29, 2009), *aff'd sub nom. Ridings Dev., LLC v. Caldera Props. – Lewes/Rehoboth VII, LLC*, 998 A.2d 851 (Del. 2010)).

issues of fact and the movant is entitled to judgment as a matter of law."[13] The Court must accept all well-pleaded allegations of fact in the Complaint as true and all reasonable inferences must be construed in favor of the non-moving party.[14] The Court must, therefore, afford Lee's opposition to the Rule 12(c) motion the same benefits as one opposing a motion under Superior Court Civil Rule 12(b)(6).[15]

(9) Where matters outside the pleadings are presented to and considered by the Court, the Court may convert the motion for judgment on the pleadings to one for summary judgment under Rule 56.[16] Lee included deposition transcript excerpts as exhibits to his Reponse in Opposition. However, because consideration

---

[13] *See Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993); *Alcoa World Alumina LLC v. Glencore Ltd.*, 2016 WL 521193, at *6 (Del. Super. Ct. Feb. 8, 2016).

[14] *Gonzales v. Apartment Cmtys. Corp.*, 2006 WL 2905724, at *1 (Del. Super. Ct. Oct. 4, 2016).

[15] *Alcoa World Alumina LLC*, 2016 WL 521193, at *6.

[16] Del. Super. Ct. Civ. R. 12(c) provides "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *See also Blanco v. AMVAC Chem. Corp.*, 2012 WL 3194412, at *6 (Del. Super. Ct. Aug. 8, 2012).

of these exhibits is not required, the Motion for Judgment on the Pleadings will not be converted.[17]

(10) Lee's claims allege, "upon information and belief", that So engaged in fraud and violated the DUFTA by transferring certain commercial subleases to her daughter. The "DUFTA provides remedies to creditors who are defrauded by debtors who transfer assets or incur obligations '[w]ith actual intent to hinder, delay or defraud any creditor of the debtor' (*i.e.,* an actual fraudulent transfer), or, in certain circumstances, '[w]ithout receiving reasonably equivalent value' (*i.e.,* a constructively fraudulent transfer).'"[18]

(11) Provisions of the Federal Uniform Fraudulent Transfers Act ("Federal UFTA"), Federal UFTA case law, and certain bankruptcy case law are of assistance in interpreting the DUFTA.[19] Because Delaware has adopted the Federal UFTA, a statute that was itself modeled on Section 548 of the Bankruptcy

---

[17] To convert an insufficient pleadings motion to one for summary judgment *sua sponte*, the Court must give the parties "adequate notice and a reasonable opportunity to present pertinent material," meaning that "the Superior Court must give the parties at least ten days notice of its intent" to do so. *See Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1288 (Del. 2007) (finding that is was reversible error for the Court to fail to provide notice to parties before converting 12(b)(6) motion to one for summary judgment). No notice is required here as no conversion occurs here.

[18] *In re Mobilactive Media, LLC*, 2013 WL 297950, at *30 (Del. Ch. Jan. 25, 2013) (quoting *August v. August*, 2009 WL 458778, at *10 (Del. Ch. Feb. 20, 2009) and *Wilm. Sav. Fund Soc., FSB v. Kaczmarczyk*, 2007 WL 704937, at *4 (Del. Ch. Mar. 1, 2007)).

[19] *See Dodge v. Wilm. Trust Co.*, 1995 WL 106380, at *4-5 (Del. Ch. Feb. 3, 1995) (court looked to, and relied upon, federal cases outside of Delaware to determine whether a fraudulent conveyance claim was properly pled under the relevant Delaware statute).

Code (11 U.S.C. § 548), Delaware courts generally recognize that our state and the federal fraudulent transfer statutes' principles are substantially the same.[20] So the Court looks to federal authority on the subject where necessary.

(12) As to Count I, Lee seeks to avoid or attach the transfers because he alleges that they were made with actual intent to "hinder, delay or defraud" So's creditors, including Lee, in violation of the DUFTA, § 1304(a)(1).[21]

(13) Claims for actual fraudulent transfer brought under § 1304(a)(1) must meet the heightened pleading standard of Superior Court Civil Rule 9(b).[22]

---

[20] *See, e.g., In re PHP Healthcare Corp.*, 128 Fed. Appx. 839, 847 (3d Cir. 2005) ("We need not discuss the provisions of the Delaware Fraudulent Transfer Act . . . because they are substantially the same as the relevant parts of the Bankruptcy Code."); *In re Trace Int'l Hldgs., Inc.*, 287 B.R. 98, 105 n. 5 (Bankr. S.D.N.Y. 2002) ("Delaware has adopted the Uniform Fraudulent Transfer Act which is based on the Bankruptcy Code . . . Not surprisingly, Delaware fraudulent transfer law is virtually a carbon copy of the fraudulent transfer law under the Bankruptcy Code. Consequently, the result under Delaware law should be the same as the outcome under the Bankruptcy Code.").

[21] DEL. CODE. ANN. tit. 6, §§ 1304-1309. *See also id.* at § 1304(a)(1); *Quadrant Structured Products Co. v. Vertin*, 102 A.3d 155, 198 (Del. Ch. 2014), *reconsid. denied sub nom. id.*, 2014 WL 5465535 (Del. Ch. Oct. 28, 2014).

[22] *See In re Aphton Corp.*, 423 B.R. 76, 87 (Bankr. D. Del. 2010) (applying Rule 9(b) of the Federal Rules of Civil Procedure to claims brought under the DUFTA); *Winner Acceptance Corp. v. Return on Capital Corp.*, 2008 WL 5352063, at *7 (Del. Ch. Dec. 23, 2008) (noting that a fraudulent transfer claim must be pled with particularity); *In re Nat'l Serv. Indus., Inc.*, 2015 WL 3827003, at *3 (Bankr. D. Del. June 19, 2015) ("Actual fraudulent transfer claims [made under the DUFTA and the Bankruptcy Code] must meet the elevated pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure."). *See also China Res. Products (U.S.A.) Ltd. v. Fayda Int'l, Inc.*, 788 F. Supp. 815, 819 n. 6 (D. Del. 1992) ("A claim under [§ 1304] would require special pleading under Rule 9(b) because the statute requires 'actual intent.'").

-7-

Rule 9(b) provides:

> In all averments of fraud, negligence or mistake, the circumstances constituting fraud, negligence or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally.[23]

(14) "Rule 9(b) does not require an exhaustive cataloguing of facts but only sufficient factual specificity to provide assurance that the plaintiff has investigated . . . the alleged fraud and reasonably believes that a wrong has occurred."[24] Thus, in order to state a fraudulent transfer claim, Lee may generally plead facts showing intent to defraud, but must include *"specific supporting facts describing the circumstances of the transfer."*[25]

(15) Lee has failed to identify the specific supporting facts surrounding the alleged transfer(s) as required under Rule 9(b). Defendants correctly assert that allegations based "upon information and belief" are not enough to satisfy Rule 9(b)'s particularity requirement.[26] Critical to this motion is that Lee alleges the

---

[23] Del. Super. Ct. Civ. R. 9(b).

[24] *Bernstein v. IDT Corp.*, 582 F. Supp. 1079, 1085 (D. Del. 1984) (internal quotation marks omitted).

[25] *See Quadrant*, 102 A.3d at 198 (holding that "[i]n order to state a fraudulent transfer claim, [plaintiff] must generally plead facts showing intent to defraud with specific supporting facts describing the circumstances of the transfer.") (emphasis added) (citing *Geyer v. Ingersoll Publications Co.*, 621 A.2d 784, 792 n. 5 (Del. Ch. 1992)).

[26] *Nutt v. A.C. & S., Inc.*, 466 A.2d 18, 23 (Del. Super. Ct. 1983) ("Allegations based on information and belief will not satisfy [Rule 9(b)]."), *aff'd sub nom. Mergenthaler v. Asbestos Corp. of Am.*, 480 A.2d 647 (Del. 1984).

specific instance of the allegedly fraudulent transfer – the purported transfer of subleases to So's daughter – only "upon information and belief."[27] While "actual intent" under § 1304(a)(1) can be inferred from general allegations, the intent which is central to the alleged transfer itself must be pleaded with greater particularity and with specific supporting facts in order to satisfy Rule 9(b).[28] Lee has failed to do so here. Accordingly, the Court finds he has failed to meet the pleading requirements of Rule 9(b) for his claim of actual fraud under § 1304(a)(1). And so, Defendants' Motion for Judgment on the Pleadings as to Count I of the Complaint is **GRANTED.**

(16) The remaining claims, unlike claims for actual fraud, are governed by Superior Court Civil Procedure Rule 8(a), rather than by the heightened Rule 9(b) pleading standard.[29] To satisfy Rule 8(a)'s standard, Lee need only plead "a short

---

[27]     Compl. at ¶¶ 6-7.

[28]     *Cf. Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 406 (D. Del. 2009) (allegations upon information and belief that patent infringement claims are made in bad faith and that party engaged in fraud satisfied Rule 9(b) because the related allegations supporting them were not made on information and belief but contained sufficient factual support for the allegation of bad faith and fraud); *Engle v. Matrix Golf & Hosp. Phila., LLC,* 2009 WL 880680, at *5 (E.D. Pa. Mar. 31, 2009) (finding that fraudulent transfer claim was sufficiently pleaded where the paragraph identifying the precise conveyances at issue was not based on information and belief, even though many of the allegations relating to the fraud were based on information and belief).

[29]     *See, e.g., China Res. Prods.*, 788 F.Supp. at 819 ("Despite the similarity in the terms 'fraud' and 'fraudulent conveyance,' the pleading requirements for fraud are not necessarily applicable to pleadings alleging a [constructive] fraudulent conveyance."); *Charys Liquidating Trust v. McMahan Sec. Co. (In re Charys Hldg. Co.)*, 443 B.R. 628, 632 n. 2 (Bankr. D. Del.

and plain statement of the claim showing" that he is entitled to relief.[30] But,

> [i]f a complaint were held sufficient simply because it restates the legal elements of a particular cause of action, Rule 8(a) would be rendered meaningless. Plaintiffs need not offer prolix tales of abuse belabored by needless details, but plaintiffs must allege *facts* sufficient to show that the legal elements of a claim have been satisfied.[31]

(17) As to Count II, in order to state a fraudulent transfer claim under § 1304(a)(2) for constructive fraud, Lee must show: (a) "that the transfer in question was made for less than fair consideration," and (b) that "the transferor was rendered insolvent as a result of that transfer."[32]

(18) Even under Rule 8(a)'s lenient standard, Lee's conclusory pleadings are not sufficient. A court may dismiss a plaintiff's DUFTA claims that merely recite the statutory elements without offering sufficient factual support.[33] As stated

---

2010); *Astropower Liquidating Trust v. Xantrex Tech., Inc., (In re AstroPower Liquidating Trust)*, 335 B.R. 309, 333 (Bankr. D. Del. 2005).

[30] *In re Benzene Litig.*, 2007 WL 625054, at *5 (Del. Super. Ct. Feb. 26, 2007).

[31] *In re Coca-Cola Enters., Inc.*, 2007 WL 3122370, at *4 n. 28 (Del. Ch. Oct. 17, 2007), *aff'd sub nom. Int'l Bhd. Teamsters v. Coca-Cola Co.*, 954 A.2d 910 (Del. 2008).

[32] *Givens v. Givens*, 1986 WL 2270, at *2 (Del. Super. Ct. Feb. 4, 1986); *China Res. Prods. (U.S.A.) Ltd. v. Fayda Int'l, Inc.*, 788 F. Supp. 815, *18 (D. Del. 1992).

[33] *Hospitalists of Del., LLC v. Lutz*, 2012 WL 3679219, at *13 (Del. Ch. Aug. 28, 2012) (dismissing plaintiff's § 1304(a)(2) claim for "simply reciting the statutory . . . elements of an offense."); *Renco Grp., Inc. v. MacAndrews AMG Hldgs. LLC*, 2015 WL 394011, at *10 (Del. Ch. Jan. 29, 2015) ("It is not enough to make conclusory allegations mirroring the elements in the fraudulent transfer statute."); *Spring Real Estate, LLC v. Echo/RT Hldgs., LLC*, 2013 WL 6916277, at *7 (Del. Ch. Dec. 31, 2013) ("The Complaint does not state a claim for constructive fraudulent transfer because these allegations are conclusory and mere recitations of the fraudulent transfer statute.") (citation omitted).

in *Renco Grp., Inc. v. MacAndrews AMG Holdings LLC*:

> Th[e] Court [of Chancery] has deemed conclusory a pleading that "the defendant made the transfer without receiving a reasonably equivalent value in exchange . . . and . . . it believed or reasonably should have believed that . . . the transaction would prevent [it] . . . from paying its debts as they became due."[34]

(19)  Like the plaintiffs in *Renco*, Lee's complaint is a mere parroting of the DUFTA.  Lee alleges that "the transfers of the subleases were made without receiving a reasonably equivalent value in exchange for the transfers," "that the transfers were made while Defendant So should have reasonably believed that she would incur debts beyond her ability to pay," and that "Defendant So was insolvent at the time all of the transfers occurred."[35]  Lee includes *no* facts in support of these assertions.[36]

(20)  Applying Rule 8(a), these "bare bones" allegations are insufficient for a claim under the DUFTA's § 1304(a)(2).  Accordingly, Defendant's Motion for Judgment on the Pleadings on Count II is **GRANTED.**

(21)  As to Count III, Lee does not state whether his § 1305 claim is brought under § 1305(a) or (b).  As Lee alleged not a single one of the required

---

[34]  *Renco Grp.,* 2015 WL 394011, at *10 (alterations removed) (quoting *Hospitalists*, 2012 WL 3679219, at *13, *15).

[35]  Compl. at ¶¶ 22-23.

[36]  *See Renco Grp.,* 2015 WL 394011, at *11 (dismissing fraudulent transfer claims under Rule 12(b)(6) because of "the lack of factual allegations supporting a reasonably conceivable finding of unequal exchange and insolvency").

-11-

elements for a § 1305(b) claim,[37] the Court must assume that Lee's claim involves subsection (a) only.

(22) Section 1305(a) provides that "a creditor whose claim arose before a challenged transfer may have that transfer effectively set aside if the debtor: (1) is insolvent or is made insolvent by the transfer; and (2) does not receive reasonably equivalent value."[38]

(23) For the same reasons stated above regarding Count II, the Court will grant judgment on the pleadings for Count III, as its allegations are conclusory and a bare recitation of the fraudulent transfer statute. Lee alleges that So transferred her interest for less than a reasonably equivalent value, but he offers no factual support of that assertion including, for instance, what a reasonable equivalent value would be. Too, Lee alleges that So is insolvent, but offers nothing for the Court to look to in support.[39]

---

[37] "[A] cause of action under Section 1305(b) will exist if (i) the transfer flowed from a debtor to an insider, (ii) the debtor was insolvent at the time of the transfer, (iii) the insider had reasonable cause to believe that the debtor was insolvent, and (iv) the plaintiff was a creditor at the time of the transfer." *Quadrant Structured Prods. Co. v. Vertin*, 102 A.3d 155, 196 (Del. Ch. 2014). Lee has not made any allegation that Kim – the insider – had reasonable cause to believe that So was insolvent at the time of transfer, such that this claim is insufficient.

[38] *In re Mobilactive Media, LLC*, 2013 WL 297950, at *32 (Del. Ch. Jan. 25, 2013) (citing *Wilm. Sav. Fund Soc., FSB v. Kaczmarczyk*, 2007 WL 704937, at *5 (Del. Ch. Mar. 1, 2007)). *See also* DEL. CODE. ANN. tit. 6, §§ 1305(a).

[39] *See Trenwick Am. Litig. Trust v. Ernst & Young, L.L.P.*, 906 A.2d 168, 195 (Del. Ch. 2006) ("If a plaintiff seeks to state a claim premised on the notion that a corporation was insolvent . . . the plaintiff must plead facts supporting an inference that the corporation was in fact insolvent at the relevant time.") *aff'd sub nom. Trenwick Am. Litig. Trust v. Billett*, 931 A.2d

(24) Taking all factual allegations as true, as the Court must when considering a Rule 12(c) motion, Lee has not pleaded the requirements of a §1305(a) claim sufficiently. Therefore, Defendants' Motion for Judgment on Pleadings as to Count III is **GRANTED**.

(25) The Court dismisses all of the Fraud Action claims under Superior Court Rule 12(c). In turn, the parties' related arguments regarding damages and subject matter jurisdiction are moot. The Court notes, for clarity, however, that Defendants are correct that the Superior Court is a court of law, not equity, and, as a general proposition, might not have the power to issue the injunction Plaintiff sought.[40]

(26) Because, for the reasons set forth herein and on the record of the hearing of this motion, the Court finds that no material issue of fact exists and that Defendants So and Kim are entitled to judgment as a matter of law, Defendants' Motion to for Judgment on the Pleadings as to the three counts of Lee's Fraud Action complaint filed on September 3, 2015 and alleging actual fraud, constructive fraud, and fraud on creditors, is **GRANTED.**

---

438 (Del. 2007); *In re Trinsum Grp., Inc.*, 460 B.R. 379, 394 (Bankr. S.D.N.Y. 2011) (interpreting Delaware law and stating, to prove insolvency for constructive fraud, "[g]enerally, there must be some sort of financial data or analysis provided so that the court can infer the company's liabilities exceeded its assets at the time the transfers in question took place.").

[40] *See Simon v. Pyrites Co.*, 32 Del. 581, 128 A. 370, 371 (Del. Super. Ct. 1925) ("That the granting of an injunction is a matter of equitable jurisdiction there can be no question."); *Clark v. Teeven Hldg. Co.*, 625 A.2d 869, 875 (Del. Ch. 1992) (the Court of Chancery has exclusive jurisdiction where injunctive relief is sought).

**IT IS SO ORDERED.**

PAUL R. WALLACE, JUDGE

Original to Prothonotary
cc: All counsel via File & Serve