SEELEY *v.* MISSOURI, K. & T. RY. CO.

*(Circuit Court, S. D. New York.   July 13, 1889.)*

1. ATTACHMENT—WHEN LIES—RAILROAD COMPANIES—BONDS AND MORTGAGES.
   Code Civil Proc. N. Y. § 635, authorizes an attachment to be granted "in actions to recover a sum of money only," whether "for breach of contract, express or implied, other than a contract of marriage," or for the wrongful conversion or other injury to personal property. *Held,* that an attachment may be issued in an action against a railroad company to recover upon coupons and scrip certificates representing interest payable semi-annually out of the company's net or surplus income.

2. SAME—MOTION TO DISSOLVE—PENDENCY OF ANOTHER ACTION.
   The fact that the plaintiff had, prior to the institution of the attachment proceedings in the state court, instituted a suit in equity in the federal court, as a holder of the same coupons and scrip certificates, to compel an accounting by the company of its net income, and to recover the unpaid interest, which suit had proceeded to an interlocutory decree and an accounting, is not sufficient to justify the granting of a motion to dissolve the attachment. Whether the pendency of the former suit is a defense is a question to be determined on the trial. It seems that a prior suit pending in equity does not afford a good plea in abatement to a suit at law between the same parties to recover the same demand.

At Law.   On motion to dissolve attachments.

*Davenport, Smith & Perkins,* for plaintiff.

*E. Ellen Anderson* and *Simon Sterne,* for defendant.

WALLACE, J.   This is a motion by the defendant to vacate two attachments in favor of the plaintiff, which have been levied upon its property, and which were granted, one in the state court in which this action was originally brought, and one in this court after the action had been removed here.   The action is brought to recover upon certain coupons and scrip certificates owned by the plaintiff, representing interest payable semi-annually out of the net or surplus income of the defendant.   At the time the action was brought there was pending in this court, in equity, a suit prosecuted by the plaintiff and others, as holders of these and other coupons and scrip certificates, to compel an accounting by the defendant of its income, and to recover the amount due of unpaid interest.   The cause had proceeded to an interlocutory decree, and an accounting was pending before one of the masters of this court, and in that proceeding the plaintiff had proven before the master the coupons and certificates upon which the present action is brought.   Soon after the present action was brought, and before pleading, the defendant removed the action to this court, and thereupon, in due time, interposed as a defense a plea of the pendency of the suit in equity between the same parties.   Subsequently, and on the 29th day of December, 1888, the equity suit was prosecuted to a final decree, which determined the amount owing by the defendant to the several holders of coupons and scrip certificates up to the 1st day of October, 1886, and adjudged a recovery therefor.   Among other things, this decree contained a provision authorizing the plaintiff to apply to the court for a further discovery and ac-

counting of earnings which should be made by the defendant after October 1, 1886, applicable to the payment of his coupons and certificates, and for a further decree therefor. Thereafter, the plaintiff filed a supplemental complaint in the present action, pursuant to section 544 of the Code of Procedure, setting up the recovery, since the commencement of the action, of the decree in the equity suit, and alleging that by said decree the amount of interest due and payable according to the terms of his coupons and certificates, arising from the income of the defendant earned prior to October 1, 1886, was adjudicated and fixed. The present motion by the defendant proceeds upon two grounds. It is insisted (1) that the Code does not authorize the granting of an attachment in an action like the present; and (2) that the attachment should be dissolved because the plaintiff cannot recover in the action.

Section 635 of the Code authorizes an attachment to be granted "in actions to recover a sum of money only," whether "for breach of contract, express or implied, other than a contract to marry," or for the wrongful conversion or other injury to personal property. There is nothing in the language of the section which confines the remedy to actions to recover liquidated damages. It does not authorize an attachment in actions for equitable relief, such as for the dissolution of a partnership and an accounting, although the violation of a contract may be the basis of the claim asserted, because such actions are not to recover money only, although incidentally a money judgment may be recovered. The present action is to recover a sum of money only, and is unequivocally within the terms of the section; as distinctly so as is an action for breach of warranty, or breach of contract for the delivery of goods, in which classes of actions it is well settled by the decisions of the state courts that an attachment may be granted.

If it is plain that the plaintiff has brought an action in which he will be unable to obtain a judgment against the defendant, there is no propriety in allowing him to subject the defendant to the inconvenience of a levy upon its property in advance of a trial. The only office of the provisional remedy is to afford the plaintiff a security for the collection of his demand; and, in a case where it is entirely clear that it cannot be of any ultimate advantage to the plaintiff, it should not be granted, or, if granted upon an *ex parte* application, should be dissolved when the facts are shown. Ordinarily, however, the court should not undertake to decide doubtful questions of this kind upon an interlocutory motion. If the case turns upon questions of fact which go to the merits of the controversy, the disposition of such questions should be reserved for the trial. In this case, if there are no disputed questions of fact, the questions of law are novel. If it should be held now that the plaintiff cannot maintain his action, and the attachment should be dissolved upon that ground, the decision could not as to the dissolution of the attachment be reviewed; and, however erroneous the conclusion may hereafter appear to have been, the plaintiff would be remediless. But an erroneous ruling upon the trial of the action can be reviewed by the party prejudiced, and all his rights saved. Much of the argument of counsel has been addressed

to the question whether the decree in the equity cause is a bar to the further prosecution of this action. The case will be simplified, and the real question more clearly presented, by ignoring that decree, and eliminating it from consideration as quite unimportant. If the plea or defense of a former suit pending upon the same cause of action between the same parties was good when it was interposed, it is good now. Certainly, the circumstance that the plaintiff has continued to prosecute the former suit, has prosecuted it successfully, and has obtained thereby all the relief to which he is entitled against the defendant, arising from the non-payment of the coupons and scrip certificates in controversy, does not supersede the plea, or nullify the defense. No doubt is entertained that that decree merges the cause of action upon the plaintiff's coupons and certificates to the extent of the recovery adjudged, and that to that extent the decree can be used as a bar to the present action; but, as regards the plaintiff's demand for interest earned by the defendant subsequent to the period covered by the accounting, the only question in the case is whether the pendency of the suit is a defense. *Bank* v. *Bank,* 7 Gill, 415; *McGilvray* v. *Avery,* 30 Vt. 538; *Barnes* v. *Gibbs,* 31 N. J. Law, 317. If the present action had been brought originally in this court, and the prior suit had been brought on the law side of this court, unquestionably the plea would have afforded a complete defense to the action. It is because a second action between the same parties, for the same cause, is regarded as unnecessary and vexatious, that the pendency of the first is allowed to be pleaded in abatement of the second. But a second action is not always an unnecessary and merely vexatious proceeding. Sometimes the property of the defendant in one territorial jurisdiction is insufficient to enable the plaintiff to obtain satisfaction of his demand there, and sometimes the assistance of the different remedies afforded by the same tribunal, when exercising its different jurisdictions over subject-matter, may be essential to enable the plaintiff to successfully enforce his right. While it would be a hardship to a defendant to permit him to be vexed twice for the same breach of duty when the first suit supplies an adequate remedy to the plaintiff, it would be an equal or greater hardship to a plaintiff to deny him the privilege of instituting a second suit and prosecuting it to a judgment when it is apparent that he can obtain but a partial satisfaction of his claim unless he is permitted to resort to both actions. This is well illustrated by the present case, where the plaintiff adopted first the more convenient and adequate remedy of a suit in equity to enforce his demand, and by an accounting ascertained what money had been earned by the defendant applicable to the payment of interest during a period of years; and, when he was about to obtain a decree for that part of his demand which had accrued at the time of the accounting, he found that he could secure his claim for another part, which had accrued subsequently, by bringing an action at law in which he could obtain an attachment against the property of the defendant. He could not, before bringing his suit at law, dismiss his bill in equity without losing the benefit of all his proceedings; and if he were required to abide by his remedy in equity exclusively, and

apply for a further accounting as to earnings subsequently made, he would lose the remedy of an attachment against the property of the defendant. It is well settled that the pendency of a prior suit between the same parties for the same cause of action in the court of another state is not pleadable in abatement to a second action. So, also, it is well settled, although there are authorities to the contrary, that the pendency of a suit between the same parties for the same cause of action in a federal court is not a defense to a second suit brought in a state court; and, when the second action is brought in the federal court, the pendency of such a suit in a state court is not a defense. *Stanton* v. *Embrey*, 93 U. S. 548; *Insurance Co.* v. *Brune's Assignee*, 96 U. S. 588. Probably the reason of this doctrine is found in the consideration that under such conditions the second action cannot be assumed to be unnecessary or merely vexatious. It has never been decided that the pendency of a prior suit in equity is a good plea in abatement to a subsequent suit at law between the same parties. The contrary doctrine has been intimated in *Laflin* v. *Brown*, 7 Metc. 576; in *Blanchard* v. *Stone*, 16 Vt. 234; in *Hatch* v. *Spofford*, 22 Conn. 485; in *Graham* v. *Meyer*, 4 Blatchf. 129; *Hughes* v. *Elsher*, 5 Fed. Rep. 263. See, also, *Harmer* v. *Bell*, 7 Moore, P. C. 267. It is not intended, by what has been said, to indicate an opinion that the plea in abatement in the present case is not a good defense. Whether it is or is not is a question which under the circumstances should be reserved until the trial of the action. The defendant can obtain a discharge of the attachment by giving an undertaking, authorized by section 688 of the Code, to pay the plaintiff the amount of any judgment he may obtain. It is safer to put the defendant to the inconvenience of obtaining the discharge in this way than to dissolve the attachment now, upon the ground that the plaintiff cannot maintain the suit, when there is a debatable question of the correctness of such a conclusion. The motion is denied.