# Billups *v.* Gilbert.

## *Ejectment.*

(Decided April 24, 1913.    61 South. 901.)

*Abatement and Revivor; Pendency of Another Action; Suit in Equity.*—The rule that the pendency of another suit for the same cause of action in a court of competent jurisdiction between the same parties will bar a later suit, does not extend to a bill in equity as grounds for an abatement of an action at law, notwithstanding it may afford grounds for requiring the actor to elect which action he will proceed with first.

APPEAL from Russell Circuit Court.

Heard before Hon. MIKE SOLLIE.

Ejectment by Mary E. Gilbert against J. B. Billups. From judgment for plaintiff, defendant appeals. Affirmed.

Plea A sets up the pendency of a suit in chancery, wherein Mary E. Gilbert is complainant, and J. P. Billups and Joseph Nipper are respondents, alleging that they are the identical persons parties to the present suit, and that the bill seeks to establish and make

certain a boundary line between said parties as to the identical land sought to be recovered in this suit. Then follows the allegations as to the contents of the bill and the prayer for relief. Wherefore it is asserted that the present suit ought to be abated. The other plea is a short plea to the same effect. The bill is made an exhibit to the first plea, as is the answer. The demurrers raise the questions decided.

J. E. HENRY and B. DE G. WADDELL, for appellant. No brief reached the Reporter.

NORMAN & SON, and GLENN & DE GRAFFENRIED, for appellee. No brief reached the Reporter.

ANDERSON, J.—The principle is well settled that the pendency of a prior suit for the same thing, or, as is generally said, for the same cause of action, in a court of competent jurisdiction, between the same parties, will abate a later suit, because the latter is deemed unnecessary and vexatious.—*Foster v. Napier,* 73 Ala. 595. This rule, however, does not extend to a bill in equity as grounds for the abatement of an action at law. It may afford sufficient grounds for requiring the plaintiff to elect which action he will first proceed with, but it is not deemed a ground for the abatement of the action of law. This identical question, as decided in this opinion, was settled in the recent case of *Southern R. R. Co. v. Hayes,* 62 South. 874, and is also supported by the case of *Humphries v. Dawson,* 38 Ala. 204.

The case relied upon by appellant (*Foster v. Napier, supra*), was dealing with the pendency of another action in a court of law, and the rule there stated was correct, except it did not note that said rule did not apply to a pending bill in equity, but which fact was

clearly brought out in the case of *Humphries v. Dawson, supra.*

The trial court properly sustained the demurrers to defendant's special pleas A and B, and the judgment of the circuit court is accordingly affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.