ELWOOD SIMON *v.* THE PYRITES COMPANY, LTD., a corporation existing under the Laws of the United Kingdom of Great Britain.

1. PLEADING—GENERAL DEMURRER TO PLEA ADMITS ALL WELL-PLEADED ALLEGATIONS.

   General demurrer to plea admits all well-pleaded allegations thereof.

2. ABATEMENT AND REVIVAL—PENDENCY OF ANOTHER SUIT FOR SAME CAUSE OF ACTION BETWEEN SAME PARTIES CAUSES ABATEMENT.

   That suit in same jurisdiction for same cause of action is pending between same parties is sufficient ground for abating suit.

3. ABATEMENT AND REVIVAL—PENDENCY OF SUIT FOR INJUNCTION BETWEEN SAME PARTIES, HELD NOT GROUND FOR ABATING ACTION FOR DAMAGES FROM NUISANCE.

   In view of *Rev. Code* 1915, § 3844, relating to jurisdiction of chancellor, action at law for damages sustained from gases, smoke, etc., from manufacturing plant, is not abated by pendency of suit in equity by plaintiffs against defendants for injunction and accounting as to damages.

4. INJUNCTION—GRANTING INJUNCTION IS MATTER OF EQUITABLE JURISDICTION.

   Granting injunction is matter of equitable jurisdiction.

5. INJUNCTION—EQUITY AFTER OBTAINING JURISDICTION MAY DECREE DAMAGES AS INCIDENTAL TO MAIN RELIEF.

   When court of chancery has once obtained jurisdiction of cause of purely equitable cognizance, as suit for injunction, it can decree damages as incidental to main relief.

**6. Pleading—Matter of Form, Such as Verification of Pleadings, Cannot be Reached By General Demurrer.** ·

As general rule, matters of form, such as verification of pleadings, cannot be reached by general demurrer, but must be specially demurred to.

*(March 9, 1925.)*

Rodney, J., sitting.

*William* S. *Hilles* for plaintiff.

*J. Ernest Smith, Robert H. Richards* and *Daniel O. Hastings* for defendant.

Superior Court for New Castle County, January Term, 1925.

Demurrer to plea in abatement, No. 194, September Term, **1924.**

The declaration shows that this is an action for damages al-·leged to have been sustained by the plaintiff by the emission of injurious gases, odors, fumes, smoke and substances from the nearby manufacturing establishment of the defendant. It is alleged that the plaintiff is a farmer and that his use and enjoyment of his farm has been interfered with and his produce and stock have been destroyed or injured by the means aforesaid. To this declaration a plea in abatement has been filed setting forth that there is now pending in the Court of Chancery of this state a proceeding instituted by Sarah Simon and Elwood Simon against the defendant company; that in said action Sarah Simon was alleged to be the landlord and Elwood Simon the tenant; that in said chancery proceedings the complainants prayed that the business of the defendant company might be declared a nuisance and that the defendant company might be restrained by injunction from continuing the nuisance. The bill in chancery also prayed that an accounting might be had of the loss and injury sustained by each of the complainants by reason of the past acts of the defendant and the defendant decreed to pay the amount found to be due. The plea in abatement also alleged the identity of the plaintiff in the present action and of the real estate involved and that the cause of action sought to be enforced in this action is the same as that set forth in the bill of complaint in the Court of Chancery.

To this plea in abatement a general demurrer has been filed by the plaintiff.

RODNEY, J., delivering the opinion of the Court:

[1, 2] The demurrer, of course, admits all the well pleaded allegations of the plea. This presents the plain and narrow question of whether, in this state, a pending cause in the Court of Chancery for an injunction in which damages are also asked can be pleaded in abatement to an action in the Superior Court between the same parties and for the same subject-matter in which damages alone are sought. I shall not pause to consider the general proposition that it is a sufficient ground for abating a suit that another suit is pending in the same jurisdiction for the same cause of action and between the same parties. That proposition is so well established that it needs no citations to support it, and I shall at once pass to the application of this principle to the distinct jurisdictions of equity and law. The general rule is founded upon the sound doctrine that a court will not allow a defendant to be vexatiously proceeded against and a second suit under all the same circumstances as the first and in the same jurisdiction is necessarily considered as vexatious. The concern of the Court, however, is not confined to the behalf of the defendant, but extends to the plaintiff also, and the latter's right in pursuing his several remedies will not be unduly circumscribed.

[3] There can be no question but that the authorities generally lay down the proposition that a suit pending in a court of equity cannot be pleaded in abatement of a subsequent action at law. 1 *Enc. Pl. & Pr.* 751; *Blanchard v. Stone*, 16 *Vt.* 234; *Hatch v. Spofford*, 22 *Conn.* 485, 58 *Am. Dec.* 433; *Colt v. Partridge*, 7 *Metc. (Mass.)* 575; *Black v. Lackey*, 2 *B. Mon. (Ky.)* 257; *Graham v. Meyer*, 4 *Blatchf.* 129, *Fed. Cas. No.* 5673; *Paul v. Hulbert, Fed. Cas. No.* 10,841; *So. Ry. Co. v. Hayes*, 183 *Ala.* 465, 62 *So.* 876; *Billups v. Gilbert*, 180 *Ala.* 437, 61 *So.* 901; *Jarrett v. Halsey*, 244 *Fed.* 392, 157 *C. C. A.* 18; *Risher v. Wheeling R. & C. Co.*, 57 *W. Va.* 149, 49 *S. E.* 1016; *Rees v. Emmons Coal Co.*, 88 *W. Va.* 4, 106 *S. E.* 247; *Thorne v. Towanda Tanning Co. (C. C.)*, 15 *Fed.*

289, 291; *Peak v. Ball, 8 B. Mon. (Ky.)* 428; *Kittredge v. Race,* 92 *U. S.* 116, 23 *L. Ed.* 488; *L. R. A.* 1918*A*, 31; *Murphy v. Cadell, 2 Bos. & Pul.* 137, 126 *Eng. Rep.* 1200.

A few extracts from these cases will indicate the fixed character of the judicial opinion on the subject.

In *Hatch v. Spofford, supra,* it is said:

"No case has been cited by defendant's counsel (and his elaborate researches would have found them, if in the books) of a bill in equity, pleaded in abatement to an action at law, or vice versa, even though the general object of both suits be, the attainment of the same object."

In *Blanchard v. Stone, supra,* the Court said:

"A plea in abatement of the suit at law is novel, and without precedent or authority, and should not be sustained."

In *Seeley v. Missouri, K. & T. Ry. Co. (C. C.),* 39 *Fed.* 252, it is said:

"It has never been decided that the pendency of a prior suit in equity is a good plea in abatement to a subsequent suit at law between the same parties."

In *Griswold v. Bacheller (C. C.),* 77 *Fed.* 857, the Court said:

"It has been held by cases both at law and in equity that two causes, one at law, one in equity, are *ex necessitate* so dissimilar that the pendency of one cannot be pleaded in abatement of the other."

A careful analysis of the reasons underlying the rule that an action at law will not abate by reason of the pendency of a proceeding in chancery will, I think, demonstrate its correctness. The general rule that a second suit, under the conditions mentioned, abates because of the pendency of the first suit is based upon the presumption that the second suit is vexatious. It is not a rule of unbending rigor but one of justice and expediency. The presumption that the second suit is vexatious may not be indulged in when one suit is in equity and the other at law. The jurisdiction of the two Courts is, in general, not the same, their proceedings are entirely different and the relief granted by the one bears no certain analogy to that of the other. In a proceeding at law the costs of the proceeding depend upon the outcome or event of the litigation, while at equity they may be imposed even upon the

successful party if such an imposition of costs seems equitable to the Chancellor. In *Story's Equity Pleadings*, § 742, it is said:

"That it can scarcely ever occur, that the remedial justice, and the grounds of relief, are precisely the same in each Court."

This author holds that the pendency of an action at law for the same subject-matter cannot be successfully urged in abatement in a subsequent suit in equity.

In Delaware the jurisdiction of the Court of Chancery is entirely distinct from the jurisdiction of the law courts and is separately administered by the Chancellor. The jurisdiction and powers of the Court of Chancery are outlined in *Section* 3844 of *Revised Code* 1915, which section concludes with this paragraph:

"Provided, that the Chancellor shall not have power to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court, or jurisdiction, of this state; but that where matters, determinable at common law, shall be brought before him in equity, he shall remit the parties to the common law; and when matters of fact, proper to be tried by a jury, shall arise in any cause depending in chancery, the Chancellor shall order such facts to trial by issues at the bar of the Superior Court."

This limitation has been said to be merely declaratory of that which had existed from the earlier times irrespective of statutes. *Kahn v. Orenstein*, 12 *Del. Ch.* 344, 114 *Atl.* 165.

[4, 5] It will be seen from the copy of the bill originally filed in the Court of Chancery, and appearing in the plea in abatement that the complainants prayed that the business of the defendant be decreed a nuisance and for an injunction perpetually restraining the defendant from the continuance of such nuisance. That the granting of an injunction is a matter of equitable jurisdiction there can be no question. Equally well settled in this state is the further right of the Court of Chancery when it has once obtained jurisdiction of a cause of purely equitable cognizance, as by injunction, to decree, as incidental to the main relief, such damages as may be necessary to do complete justice. *McDowell v. President, etc., of Bank of Wilmington and Brandywine*, 1 *Harr.* 369; *Scotten v. Wright*, 13 *Del. Ch.* 214, 117 *Atl.* 131, affirmed in 13 *Del. Ch.* 402, 121 *Atl.* 180.

Several matters pertinent to the present inquiry, however,

are not so clear by our adjudications. In other jurisdictions the decisions are neither uniform nor harmonious upon the question whether the Chancellor will adjudge that a certain, existing state of facts does in fact constitute a nuisance without the intervention of a jury passing upon such facts. *Both Atty. Gen. v. Doremus*, 11 *Del. Ch.* 277, 101 *Atl.* 868, and *Harlan & Hollingsworth Co. v. Paschall*, 5 *Del. Ch.* 435, involved a question of public nuisance. In the former case the Chancellor passed upon the facts alleged as constituting the nuisance. In the latter case Chancellor Saulsbury at *Page* 456 said that—

The Court of Chancery "ought not to interfere—generally speaking—by injunction, until the question as to whether the subject-matter was or was not a public nuisance had been tried at law."

The authorities in other jurisdictions are collected in 20 *R. C. L.* 484, and note to *Chessman v. Hale*, 3 *Ann. Cas.* 1039. Some authorities distinguish between a public and private nuisance.

The question of extent of damages, too, furnishes a possible necessity for the interposition of a jury. In *Scotten v. Wright*, 13 *Del. Ch.* 214, 117 *Atl.* 131, 140, the present Chancellor, in determining that an issue as to damages should be framed to be tried by a jury, said:

"They [the damages] are typically unliquidated in character. Being such they fall peculiarly within the province of a jury to ascertain."

In the case in the Court of Chancery, therefore, there conceivably may be two distinct issues to be tried by a jury in this Court. Whether these two issues could be tried together or whether they would constitute two separate and distinct trials in this Court it is not necessary to consider. They would together constitute practically the sole questions to be determined by a jury in an action at law instituted in this Court. The right of a party to have the damages assessed by a jury and not by a Court has been one of the reasons assigned for the rule that an action at law would not abate by reason of the pendency of a suit in equity.

From an entirely different view point it seems proper to sustain the demurrer in this case. The jurisdiction of the Court of Chancery in the case filed therein is primarily based upon the

injunctive relief sought to be obtained. The other questions, such as damages, are not matters of primary jurisdiction, but may be entertained and considered by the Court as incidental to the main relief. It is conceivable that in the case now pending in the Court of Chancery the main jurisdictional fact of injunctive relief may be denied. This has repeatedly happened when the complainant has not been entitled to injunctive relief by reason of his laches or for various other reasons.

It has not been determined in this state that in such a situation the Chancellor would retain jurisdiction of the cause to adjudicate the incidental matters after the denial of the peculiarly jurisdictional element. The authorities on this question in other jurisdictions are in conflict.

In the meantime the Statute of Limitations would be running against an action at law and the plaintiff might find himself without relief in equity and estopped by the present action of this Court from obtaining any remedy in a court of law.

Before concluding this opinion I deem it proper to advert to the case of *The First National Bank of Wilmington v. Lieberman*, 1 *Marv.* 367, 41 *Atl.* 90, which was not commented on at the argument. In that case a judgment had been entered upon a warrant of attorney against the surety on a bond given to the bank, conditioned for the faithful discharge of the duties of the principal as teller. The judgment was entered 14 years and three months after the date of the bond. The application in that case was for a rule to show cause why the judgment should not be stricken off. On a motion to discharge the rule it appeared that the defendant in the judgment prior to his application to the Superior Court to strike off the judgment had filed a bill in Chancery to enjoin the plaintiff in the judgment from proceeding on the judgment and praying that the judgment be decreed null and void. The Superior Court determined that the case must be concluded in the Court of Chancery and discharged the rule. The questions raised in the present case seem not to have been raised in the one cited.

The Lieberman Case, however, is easily distinguished from

the instant case in a number of particulars. It is only necessary to consider that the cited case did not involve the institution or maintenance of a suit, but solely of concurrent prosecution of essentially the same remedy in the two Courts. In this view it is rather an authority for the suggestion that where concurrent remedies are being enforced, one will be stayed while the other is being prosecuted. No question of the loss of remedy by the passing of time came into consideration.

The manner in which this matter is here presented upon the pleadings, viz.: a demurrer to the plea in abatement, calls for no discussion of the rights of the defendant to compel the plaintiff either in the Court of Chancery or in this Court to elect which suit will be prosecuted. This has been done in numerous instances.

[6] The conclusion herein reached that the demurrer must be sustained upon the broad general ground urged by the plaintiff makes it unnecessary to discuss his further objection that the plea in abatement was not verified. The demurrer was general and the uniform rule is that matters of form, such as verification of pleadings, cannot be reached by general demurrer, but must be specially demurred to. This would seem conclusive upon this point unless, indeed, a plea in abatement furnishes a possible exceptional instance of a plea which need never be specially demurred to. 1 *Chitty's Pl.* 404, 576.

The demurrer is sustained.