# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERRI MICHELLE REYLEK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. K22M-07-010 NEP |
| | ) | |
| ANTHONY J. ALBENCE, | ) | |
| | ) | |
| Respondent. | ) | |

Submitted: October 17, 2022
Decided: January 10, 2023

## MEMORANDUM OPINION AND ORDER

*Upon Respondent's Motion to Dismiss*
**GRANTED**

Terri Michelle Reylek, Dover, Delaware, *Pro Se Petitioner*.

Nicholas D. Picollelli, Jr., Esquire, Department of Justice, Wilmington, Delaware, *Attorney for Respondent*.

**Primos, J.**

Before this Court is the motion to dismiss filed by Respondent Anthony J. Albence, State Election Commissioner ex officio (hereinafter "Respondent"), seeking dismissal of the Petition for Mandamus filed by Petitioner Terri Michelle Reylek (hereinafter "Petitioner") for failure to state a claim upon which relief can be granted. For the reasons that follow, the Motion to Dismiss is **GRANTED** and the action is **DISMISSED WITHOUT PREJUDICE**. However, in its discretion, the Court will allow Petitioner an opportunity to file an amended petition in accordance with Superior Court Civil Rule 15(a).

## FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2022, Petitioner submitted a Petition for Writ of Mandamus (hereinafter "the Petition").[1] The Petition alleges that Delaware's electronic voting machines are not properly certified by the United States Election Assistance Commission ("EAC"), in violation of 15 *Del. C.* § 5001A.[2] The crux of the Petition's allegation appears to be that the laboratory that tested the voting machines, Pro V&V, Inc., was not properly accredited because 1) the EAC Certificate of Accreditation was signed by the EAC's Executive Director, rather than by the EAC's Chairperson, in violation of a provision of a Testing & Certification Program Manual promulgated by the EAC, in 2015[3] and 2) the proper procedures were not followed

---

[1] Verified Pet. for Writ of Mandamus (D.I. 1) [hereinafter "Pet."]. The Superior Court has statutory authority to issue writs of mandamus pursuant to 10 *Del. C.* § 564, and to compel agency action specifically pursuant to 29 *Del. C.* § 10143.

[2] Pet. at 20–22. Under federal law, the EAC "shall provide for the testing, certification, decertification, and recertification of voting system hardware and software by accredited laboratories." 52 U.S.C. § 20971(a)(1). In addition, "[a]t the option of a State, the State may provide for the testing, certification, decertification, or recertification of its voting system hardware and software by the laboratories accredited by the [EAC] under this section." *Id*. § 20971(a)(2). Delaware has exercised that option: specifically, 15 *Del. C.* § 5001A(c) provides that "[a] voting device or system purchased by the State must be certified by the [EAC], or designated federal authority, as meeting or exceeding the voluntary voting systems standards or guidelines as promulgated by the [EAC], or designated federal authority, before delivery to and acceptance by the State."

[3] *See id.* at 9–11, 18.

to reaccredit the lab after a lapse in its accreditation.[4] The Petition contains eight distinct requests for relief: 1) an injunction barring use of electronic voting machines in Delaware elections until the certification issue "can be publicly rectified"; 2) an injunction to preserve data on the voting machines; 3) a temporary restraining order to "preserve all November 3, 2020, general election records/ballots/documentation/correspondence"; 4) an order to "provide all deficient correspondence or documentation relating to the certification" of the voting machines; 5) an order "to act in pursuant [sic] to Title 15 § 302A"; 6) an order to uphold the constitutions of Delaware and the United States; 7) a "speedy hearing" of this action; and 8) "[a]ny other relief as this Court deems necessary and proper."[5]

On September 29, 2022, having received no answer from Respondent, Petitioner filed a Motion to Expedite Proceedings (hereinafter "Motion to Expedite"), which was noticed for the Court's routine civil motion calendar.[6] Shortly thereafter, Respondent filed a Motion to Dismiss on October 4, 2022, arguing for dismissal of the Petition under Superior Court Civil Rule 12(b)(6) on the basis that none of the requests for relief in the Petition were appropriate for a mandamus action.[7] Petitioner filed an "Answer in Opposition to the Motion to Dismiss" (hereinafter "Answer") on October 14, 2022, in which she sought to provide "[c]larification and amended relief requests."[8]

On October 21, 2022, the Court heard argument from Petitioner on her Motion to Expedite, and reserved decision. The Court then denied the Motion to Expedite

---

[4] *See id.* at 11, 13–17, 19.

[5] Pet. at 28–30.

[6] Mot. to Expedite Proceedings (D.I. 11).

[7] Resp't's Mot. to Dismiss Terri Michelle Reylek's Pet. for a Writ of Mandamus (D.I. 12) [hereinafter "Mot. to Dismiss"] at 2 ("[A] writ of mandamus cannot provide Reylek with the requested relief."). Respondent indicated that he intended to rely on the Motion to Dismiss "in lieu of a separate response" to the Motion to Expedite. *Id.* at 1 n.1.

[8] Answer in Opp'n to the Mot. to Dismiss (D.I. 14) [hereinafter "Answer"] at 4–6.

in a written order on October 24, 2022.[9] The Court explained first that "[t]he primary basis for the request to expedite proceedings . . . is to prevent the State of Delaware from using its electronic voting machines" in the then-upcoming election on November 8, 2022.[10] It then concluded that "a writ of mandamus is not an appropriate vehicle for this relief" and therefore declined to exercise its discretion to expedite the proceedings.[11]

On November 1, 2022, in an apparent effort to address the issues raised by the Court's order, Petitioner filed a document styled "Amendment to Answer in Opposition to the Motion to Dismiss of Respondent Anthony Albence" (hereinafter "Amended Answer") with a modified version of the amended relief requests included in the Answer.[12] Some of these amended relief requests were entirely distinct from those included in the original Petition, including, for example, a new statutory basis for relief and a request for a declaratory judgment.[13] However, "[p]arties may not amend the pleadings through briefing on a motion to dismiss."[14] Thus, in this decision, the Court will address only the relief requests in the original Petition, but will grant Petitioner an opportunity to file an amended petition.

---

[9] *Reylek v. Albence*, 2022 WL 13785951 (Del. Super. Oct. 24, 2022).
[10] *Id.* at *2.
[11] *Id.*
[12] Amendment to Answer in Opp'n to the Mot. to Dismiss (D.I. 17) [hereinafter "Amendment to Answer"].
[13] *Id.* at 5–6.
[14] *Anglo Am. Sec. Fund, L.P. v. S.R. Glob. Int'l Fund, L.P.*, 829 A.2d 143, 155 (Del. Ch. 2003); *see also Schiavo v. Carney,* 548 F. Supp. 3d 437, 441 n.3 (D. Del. 2021) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (alteration in original) (quoting *Tyler v. Cruz*, 2017 WL 132842, at *5 (D.N.J. Jan. 13, 2017)), *aff'd,* 2021 WL 6550638 (3d Cir. Nov. 18, 2021). In considering Petitioner's Motion to Expedite, the Court assumed only for argument's sake that it could consider the amended relief requests contained in the Answer. *Reylek*, 2022 WL 13785951, at *2.

## STANDARD OF REVIEW

On the Court's review of a Rule 12(b)(6) motion for failure to state a claim: "(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and [(iv)] dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[15] In addition, "[a] *pro se* pleading is judged by a 'less stringent standard' than a pleading or document filed by an attorney."[16] However, "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate an unrepresented plaintiff."[17]

Moreover, since Petitioner seeks a writ of mandamus, the "Court must consider the standards a party must meet in obtaining a writ" in deciding whether to dismiss the Petition.[18] A writ of mandamus can be issued only "when a plaintiff is able to establish a clear legal right to the performance of a non-discretionary duty."[19] "[W]hen directed to an administrative agency or public official, mandamus will issue only to require performance of a clear legal or ministerial duty[,]" i.e., "the duty must be prescribed with such precision and certainty that nothing is left to discretion or judgment."[20] Even then, "[m]andamus is issuable not as a matter of right, but only in the exercise of sound judicial discretion."[21] This "broad discretion" allows

---

[15] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002) (internal citations and quotations omitted).

[16] *Mason v. Dover Fed. Credit Union*, 2018 WL 4026554, at *2 (Del. Super. Aug. 22, 2018) (quoting *Johnson v. State*, 442 A.2d 1362, 1364 (Del. 1982)).

[17] *Draper v. Med. Ctr. of Delaware*, 767 A.2d 796, 799 (Del. 2001).

[18] *Caldwell v. Justice of the Peace Court No. 13*, 2015 WL 9594709, at *3 (Del. Super. Dec. 30, 2015).

[19] *Darby v. New Castle Gunning Bedford Ed. Ass'n*, 336 A.2d 209, 210 (Del. 1975).

[20] *Guy v. Greenhouse*, 637 A.2d 827, 1993 WL 557938, at *1 (Del. 1993) (TABLE).

[21] *Id.*

the Superior Court to deny a petition where, for example, the petitioner has another remedy available, granting the writ would be inequitable, events after filing render it moot, or granting the writ would be useless.[22]

## DISCUSSION

### I. The Petition Fails to State a Claim for Which Mandamus Relief Can be Granted.

#### A. Injunctive Relief (Requests 1–3)

Petitioner's first request for relief is for an injunction to prevent the allegedly uncertified electronic voting machines from being used in Delaware until "the issues regarding . . . certifications can be publicly rectified."[23] Such relief is outside of this Court's mandamus jurisdiction. "Delaware, nearly uniquely among the states, preserves the distinction between law and equity."[24] Injunctive relief falls on the equity side of that divide.[25] As a general matter, the Superior Court "is without jurisdiction to entertain equitable actions or provide equitable remedies."[26] The Superior Court's jurisdiction to grant a writ of mandamus, codified at 10 *Del. C.* § 564, can be characterized as a narrow exception to that distinction.[27] However, mandamus is an exclusive remedy available only in a very limited set of circumstances.[28] Moreover, unlike an injunction, "a writ of mandamus can only be used to compel performance of a ministerial duty—it cannot be the basis for

---

[22] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524–25 (Del. 2015).

[23] Pet. at 28.

[24] *Wells Fargo Bank, NA v. Strong*, 2014 WL 6478788, at \*3 (Del. Ch. Nov. 19, 2014).

[25] *See Simon v. Pyrites Co.*, 128 A. 370, 371 (Del. Super. 1925) ("That the granting of an injunction is a matter of equitable jurisdiction there can be no question."); *Dayton v. Collison*, 2018 WL 565304, at \*2 (Del. Super. Jan. 24, 2018) (explaining that equitable remedies "such as specific performance or an injunction" are outside of the Superior Court's jurisdiction).

[26] *Wells Fargo*, 2014 WL 6478788, at \*3.

[27] *See Ingersoll v. Rollins Broad. of Del., Inc.*, 272 A.2d 336, 338 (Del. 1970) ("In a sense[,] mandamus is an equitable remedy and, to some extent at least, is to be governed by equitable principles of relief.").

[28] *See Greenhouse*, 1993 WL 557938, at \*1 ("Under Delaware law, the basis for issuance and the scope of relief available through a writ of mandamus under Delaware law are both quite limited.").

prohibitory relief."[29]  A Delaware litigant seeking to enjoin a state official from acting outside his or her authority may seek appropriate injunctive relief in the Court of Chancery.[30]  Petitioner did not do so in this case.[31]

The second and third requests also seek injunctive relief and a temporary restraining order, essentially ordering Respondent to preserve election-related records without tampering.  These requests are also injunctive in nature, and Petitioner has identified no statute or rule establishing a nondiscretionary, ministerial duty to render them suitable for a writ of mandamus.  Petitioner argues that because "litigation is now reasonably anticipated," Respondent has "an affirmative duty to preserve evidence that might be relevant to the issues in [the] lawsuit."[32]  This, however, is a duty on all public or private parties to litigation or potential litigation and is enforceable via litigation sanctions.[33]  It is not a ministerial duty entrusted to a public official of the type fit for a mandamus action.

---

[29] *Reylek*, 2022 WL 13785951, at *1 (citing *Delawareans for Educ. Opportunity v. Carney*, 2018 WL 4849935, at *7 and n.39 (Del. Ch. Oct. 5, 2018)); *see also State ex rel. Lyons v. McDowell,* 57 A.2d 94, 98 (Del. Super. 1947) ("The petition seeks to restrain or prevent the respondents from doing something.  Many authorities hold, and we agree with their position, that the remedy by mandamus should not be used to prevent the commission of an [a]ct.").

[30] *See Lynch v. Tunnell*, 236 A.2d 369, 373–74 (Del. 1967) (holding that the Court of Chancery had jurisdiction, and that mandamus relief would be inappropriate, where the object of the suit was to prevent the State Board of Health from issuing a permit); *Delawareans for Educ. Opportunity*, 2018 WL 4849935, at *7 (concluding that an action for injunctive relief in the Court of Chancery was the appropriate mechanism to seek relief barring the county from collecting taxes).

[31] Even if the Court were to consider the variations on this request contained in the Answer and the Amended Answer, the problem is not how the request is phrased, but the nature of the relief sought.  Whether the request is phrased as an order to "cease use of all illegal ES&S voting systems/machines," *see* Answer at 5, or "to ONLY employ valid and legally certified voting system[s]/machines," *see* Amendment to Answer at 5, the object of the suit was to prevent Respondent from using the electronic voting machines currently owned by the State of Delaware in an election.  That would be injunctive, prohibitory relief, regardless of whether it is phrased in the positive or the negative.

[32] Answer at 5 (quoting *Beard Research, Inc. v. Kates*, 981 A.2d 1175, 1185 (Del. Ch. 2009)).

[33] *Kates*, 981 A.2d at 1185.

7

## B. Request to Compel Documents via FOIA (Request 4)

Petitioners' fourth request for relief is for an "order compelling the [Respondent] to provide all deficient correspondence or documentation relating to the certification of the electronic voting systems/machines."[34] The Court construes this as a request to compel production of documents that Petitioner previously requested via the Delaware Freedom of Information Act (FOIA), 29 *Del. C.* § 10001–10005. Respondent, also adopting this construction, cites *Mell v. New Castle County*[35] for the proposition that in order "[t]o compel documents sought in a FOIA action by a writ of mandamus," Petitioner "must demonstrate [that] the discovery process in the FOIA litigation is not available."[36] However, the Court disagrees with Respondent's reading of *Mell* as applied to this case. That case dealt with the pending litigation exception to FOIA, explaining it as follows:

> The pending litigation exception to FOIA addresses a practical reality: when parties to pending litigation against a public body seek information from that public body relating to the litigation, they are doing so not to advance the public's right to know, but rather to advance their own personal stake in the litigation. Delaware courts will not allow litigants to use FOIA as a means to obtain discovery which is not available under the court's rules of procedure. Moreover, when a party seeks to compel a response to a FOIA request by writ of mandamus, it is incumbent upon that party, as a predicate to relief, to demonstrate that other legal means, *e.g.,* discovery processes in pending litigation, are not available before the Court may consider issuing the extraordinary writ.[37]

The reasoning in *Mell* applies to cases in which a party already involved in litigation with a public body makes a FOIA request for production of documents (which would not have been available through the usual channels of discovery) and

---

[34] Pet. at 28–29.

[35] 835 A.2d 141 (Del. Super. 2003).

[36] Mot. to Dismiss at 4–5.

[37] *Mell*, 835 A.2d at 147 (internal quotations and citations omitted).

then seeks to compel production of those documents through a mandamus action. Here, unlike in *Mell*, there was no pending litigation between Petitioner and Respondent prior to the filing of this action.[38] Moreover, Delaware's FOIA statute specifically provides that "[r]emedies permitted by this section include an injunction, a declaratory judgment, writ of mandamus and/or other appropriate relief."[39] Thus, unlike Petitioner's injunctive relief requests, a mandamus action is not necessarily an improper vehicle for the relief Petitioner seeks, specifically, production of documents that were previously requested via the FOIA statute.

Nonetheless, Petitioner's FOIA requests fail to state a claim. Petitioner argues in her Answer that "[t]hese documents are required to prove that the current actions of the Department of Elections are legal, and according to 29 *Del. C.* 10001, this information should be readily available to the public."[40] However, 29 *Del. C.* § 10001, titled "Declaration of policy," sets forth the general principles the FOIA statute must be construed to advance. It does not on its own terms impose any affirmative duties on public officials. Rather, the operative provision of FOIA is 29 *Del. C.* § 10003, which provides the mechanics for submitting a FOIA request and a time limit within which a public body must respond. It is this provision, not the policy provision, that is enforceable via mandamus.

Here, the text of the Petition states only that information was requested via FOIA and not received to date.[41] This alone is insufficient to state a FOIA claim,

---

[38] *Id.* at 148 ("It would appear, then, that Mell is attempting to secure by FOIA that which he was unable to secure in the pending Chancery litigation.").
[39] 29 *Del. C.* § 10005(d).
[40] Answer at 2.
[41] *See* Pet. at 18 and 22. More detail can be found only by looking at the exhibits, which make clear that the first-mentioned FOIA request was directed to the EAC, a federal agency (presumably under the federal Freedom of Information Act). *See* Ex. AQ and Ex. AR. That request is clearly outside of this Court's state law FOIA jurisdiction. The second request was for bond information relating to the state's contract with the voting systems manufacturer, but the supporting exhibit shows only an email exchange between Petitioner and the Department of Election's FOIA

without specifically addressing the requirements of 29 *Del. C.* § 10003 (at a minimum, what information was requested and when, and whether and how the public body responded within the 15-day time limit). In sum, Petitioner's fourth request for the production of "deficient correspondence" fails to state a claim.

## C. Orders to comply with statutes and constitutions (Requests 5–6)

Petitioner's fifth request for relief is for an order compelling respondent to "act in pursuant [sic] to Title 15, §302A."[42] However, the referenced code section (reproduced in the footnote below) confers investigatory authority on the Election Commissioner.[43] How to exercise that authority is left to his discretion. Thus, it does not create a nondiscretionary duty suitable for mandamus relief.[44] Moreover, § 302A refers to his authority to investigate violations of Chapter 80 of Title 15,

---

Coordinator in which Petitioner was provided a link to the FOIA request form. *See* Ex. AT. It is unclear what information she requested via FOIA and when she did so.

[42] Pet. at 29.

[43] 15 *Del. C.* § 302A (emphasis supplied below) provides in relevant part that:

> (a) In connection with his or her authority pursuant to § 302(14) of this title hereunder to investigate possible violations of Chapter 80 of this title, the State Election Commissioner:

> (1) **May appoint** 1 or more investigators, having such experience and qualifications as shall be established by the Board of Elections, to investigate information coming to the attention of the Commissioner that, if true, would constitute a violation of Chapter 80 of this title. The activities of any investigator appointed hereunder shall be directed solely by the Commissioner, and such investigator shall not be deemed to be an employee of, or otherwise answerable to, the Board of Elections;

> (2) **Shall have the authority to** subpoena witnesses, compel their attendance and testimony, administer oaths and affirmations, take evidence and require by subpoena the production of books, papers, records or other evidence needed for the performance of the Commissioner's duties or exercise of his or her powers pursuant to this section; and

> (3) **May refer** any possible violation to the Attorney General or the United States Attorney for investigation and prosecution, either directly or following an investigation or preliminary investigation by the Commissioner hereunder.

[44] *See Brandywood Civic Ass'n v. Cohan*, 2020 WL 1866871, at *9 (Del. Super. Apr. 14, 2020) (denying mandamus relief where statute was "more a general grant of certain authority" requiring the Department of Transportation "to exercise discretion as to which roads should be maintained and in what priority"), *aff'd*, 246 A.3d 556 (Del. 2021) (TABLE).

10

which deals with campaign contributions and expenditures. The statutes regulating electronic voting machines are contained in Chapter 50A of Title 15, not in Chapter 80.

Petitioner's sixth and final substantive request, seeking an order to compel Respondent to "uphold the Constitution of the State of Delaware and the Constitution of the United States,"[45] is vastly overbroad for mandamus relief.[46] First, as Respondent argues, the Petition does not identify any specific provision or amendment of either constitution invoked.[47] Moreover, even if a specific provision were identified, an order to uphold the constitution amounts to little more than an order to obey the law generally. While "[p]ublic officials are, of course, expected to obey the law," an order to do so "does not constitute the specific, clear cut command required in a writ of mandamus."[48]

In sum, accepting Petitioner's well-pleaded allegations as true, the Petition fails to state a claim for any relief that is within this Court's mandamus power,[49] and the Motion to Dismiss is therefore **GRANTED**.

---

[45] Pet. at 30.

[46] *Cf. Brandywood*, 2020 WL 1866871, at *9 ("Plaintiffs are just too general with this petition of a writ of mandamus. The nondiscretionary or ministerial duty must be 'prescribed with such precision and certainty that nothing is left to discretion or judgment.'" (quoting *Greenhouse*, 1993 WL 557938, at *1)).

[47] Mot. to Dismiss at 4.

[48] *See Pleasonton v. Hugg*, 2010 WL 5313228, at *1 (Del. Super. Nov. 29, 2010); *see also White v. Phillips*, 2021 WL 753636, at *2 (Del. Super. Feb. 26, 2021) ("This Court and others have traditionally refused to issue 'obey the law' injunctions because the requirements of such an injunction are too vague to put the enjoined party on notice as to precisely what is required."); *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841 (7th Cir. 2013) ("An obey-the-law injunction departs from the traditional equitable principle that injunctions should prohibit no more than the violation established in the litigation or similar conduct reasonably related to the violation.").

[49] The final two requests for relief ask for a "speedy hearing" and "any other relief as this Court deems necessary and proper." Pet. at 30. The request for a speedy hearing was addressed in the Court's disposition of the Motion to Expedite, and the Court does not deem any other relief necessary and proper at this time.

## II. The court will give Petitioner an opportunity to file an amended petition.

Petitioner's Answer and Amended Answer include relief requests not fairly raised in the original Petition and which, as a result, were not addressed in Respondent's Motion to Dismiss or in this decision. A party may not use its briefing on a motion to dismiss to amend its original pleadings.[50] However, Superior Court Civil Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served" but that "[o]therwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Thus, whether Petitioner had a right to amend her Petition without leave of court (at the time she filed her Answer) depends on whether Respondent's motion to dismiss was a "responsive pleading" within the meaning of Rule 15(a). The growing consensus of Superior Court decisions to consider the question have concluded that a motion to dismiss is not a responsive pleading within the meaning of the rule.[51]

Accordingly, Petitioner had the right to amend her Petition once as a matter of course and arguably tried to do so. However, since her amended relief requests were contained in briefing on a motion to dismiss (and not an amended petition), the

---

[50] *See supra* note 14.

[51] *See e.g. Stoppel v. Henry*, 2011 WL 55911, at *3 (Del. Super. Jan. 4, 2011) ("[B]ased upon the language of [Superior Court Civil] Rule 7 and Rule 15, as well as consistent decisions from this Court and other jurisdictions applying similar language in former Federal Rule of Civil Procedure 15, the Court is satisfied that a motion to dismiss does not constitute a responsive pleading." (internal citation omitted)); *R. Keating & Sons, Inc. v. Huber*, 2020 WL 975435, at *3 (Del. Super. Feb. 27, 2020) ("It is true that some courts have used language suggesting that a motion to dismiss is 'responsive' to an action to direct whatever ruling may have been appropriate under the circumstances. However, where analysis has been conducted by the Superior Court to consider whether a motion to dismiss is a responsive pleading, this Court finds that such analysis is clear that a motion to dismiss is not a responsive pleading for the purposes of Superior Court Civil Rule 15(a)."); *3M Co. v. Neology, Inc.*, 2019 WL 2714832, at *7 (Del. Super. June 28, 2019) ("A motion to dismiss . . . is not a responsive pleading. This conclusion is consistent with the Court's rules, Delaware case law, and the notion of judicial efficiency.").

Court does not believe Respondent was given adequate notice or opportunity to respond to the amendments. Balancing the needs of the orderly administration of justice and the pleading leniency afforded pro se plaintiffs, the Court will, in its discretion, order dismissal without prejudice and allow Petitioner an opportunity to file an amended petition stating together the relief requested and the factual basis for that relief.[52] Per Civil Rule 15(a), Respondent shall have 10 days after service of the amended petition to respond.

## CONCLUSION

For the foregoing reasons, the Court concludes that the Petition fails to state a claim upon which the extraordinary remedy of mandamus could be granted. Accordingly, the Motion to Dismiss is hereby **GRANTED** and the Petition is **DISMISSED WITHOUT PREJUDICE. Petitioner may file an amended petition within 20 days of the date of this decision, and Respondent will have an additional 10 days after service of the amended petition to respond by answer or appropriate motion.**

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP:tls
*Via File & ServeXpress and U.S. Mail*
oc:     Prothonotary
cc:     Terri Michelle Reylek, *Pro Se – Via U.S. Mail*
        Counsel of Record - *Via File & ServeXpress*

---

[52] *See Braddock v. Zimmerman*, 906 A.2d 776, 784 (Del. 2006) ("If leave to amend a complaint is contemplated by a Delaware judge following a dismissal without prejudice, there must be an express statement to that effect in the order, in which case the order will be an interlocutory decree.").

13