# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AARON BROWN, NICOLE MILES-BERRY, Z.B. A MINOR, Z.B. A MINOR, Z.B. A MINOR, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: K25C-12-011 NEP |
| GEICO CHOICE INSURANCE COMPANY | ) ) ) | |
| Defendant. | ) ) ) | |

Submitted: December 8, 2025
Decided: January 28, 2026

## ORDER[1]

***Upon Plaintiffs' Application to Proceed in Forma Pauperis***
**GRANTED**

***Upon Court's Consideration of Complaint***
**DISMISSED**

Upon consideration of Plaintiffs' complaint and motion to proceed *in forma pauperis*, the Court finds as follows:

1.      On December 8, 2025, Plaintiffs filed an application to proceed *in forma pauperis*.[2]   According to the attached affidavit, Plaintiff Aaron Brown

---

[1] Citations in the form of "D.I. ___" refer to docket items.
[2] Although only Plaintiff Aaron Brown's name and signature appear on the affidavit filed in support of the application, Mr. Brown presumably filed the application on behalf of all of the

represents that he is presently unemployed, has no meaningful assets, and has no regular source of income. The affidavit alleges facts sufficient to convince the Court that Plaintiffs are unable to pay the filing costs, and Plaintiffs' motion to proceed *in forma pauperis* is therefore **GRANTED.** Having made this determination, the Court must next consider whether or not the complaint should be dismissed, as required by 10 *Del. C.* § 8803(b).

2.      The Court views *pro se in forma pauperis* civil suits generously.[3] "All well-pled matters are accepted as true to determine whether . . . [a plaintiff] can recover under any conceivable circumstances susceptible of proof under the complaint."[4] Nonetheless, the Court will not allow itself "to become the victim of frivolous or malicious claims" that are plainly "subject to a motion to dismiss under Superior Court Civil Rule 12(b)(6) or subject to a defense of immunity or subject to some other defect."[5] After granting an application to proceed *in forma pauperis*, Delaware law requires that the Court dismiss the underlying complaint if it is legally

---

Plaintiffs, as no filing fee was submitted with the accompanying complaint. The Complaint bears the signatures of both adult plaintiffs, Mr. Brown and Nicole Miles-Berry. (D.I. 1).

[3] *Parsons v. Dushuttle*, 2019 WL 1131956, at *1 (Del. Super. Mar. 8, 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

[4] *Fatir v. Records*, 2023 WL 6622214, at *2 (Del. Super. Oct. 11, 2023) (quoting *Johnson v. Howard*, 1999 WL 743902, at *1 (Del. Aug. 12, 1999)).

[5] *Lee v. Johnson*, 1996 WL 944868, at *1 (Del. Super. June 4, 1996).

frivolous, factually frivolous, or malicious.[6] "If a complaint fails to state a claim upon which relief may be granted, then it is deemed legally frivolous."[7]

3. Here, the Complaint alleges that Defendant Geico Choice Insurance Company ("Defendant") "acted in bad faith," issued a policy that "failed to comply with State of Delaware [sic]," and wrongfully refused to pay benefits arising from a motor-vehicle accident that occurred in April 2018.[8] Among other relief, Plaintiffs have asserted claims for compensatory and punitive damages as well as injunctive relief.[9] Although the pleading is sparse, it appears the gravamen of the Complaint is an insurance bad faith claim arising from Defendant's alleged refusal to pay or adequately resolve an insurance claim.

4. The Court first considers whether the injunctive relief sought by Plaintiffs is available in Superior Court. It is not. Delaware is one of the few states that preserve the distinction between law and equity,[10] and injunctive relief is an equitable remedy.[11] As such, the Superior Court lacks jurisdiction to entertain

---

[6] *Sanders v. Dep't of Just.*, 2020 WL 1171045, at *1 (Del. Super. Mar. 11, 2020) (citing 10 *Del. C.* § 8803(b)).
[7] *Fatir*, 2023 WL 6622214, at *4 (quoting *Johnson*, 1999 WL 743902, at *1); *Marvel v. State*, 2014 WL 7009516, at *2 (Del. Super. Dec. 8, 2014) (citing *Cannon v. McCreanor*, 2003 WL 943247, at *2 (Del. Super. Mar. 6, 2003)).
[8] Compl. (D.I. 1).
[9] *Id.*
[10] *Reylek v. Albence*, 2023 WL 142522, at *3 (Del. Super. Jan. 10, 2023) (citing *Wells Fargo Bank, NA v. Strong*, 2014 WL 6478788, at *3 (Del. Ch. Nov. 19, 2014)).
[11] *Id.* (citing *Simon v. Pyrites Co.*, 128 A. 370, 371 (Del. Super. 1925) ("That the granting of an injunction is a matter of equitable jurisdiction there can be no question.")).

claims for injunctive relief, which are more appropriately filed in the Court of Chancery.

5.      Having concluded that injunctive relief is unavailable, the Court turns to the sole theory of relief reasonably discernable from the complaint: Plaintiffs' insurance bad faith claim.  Under Delaware law, a bad faith insurance claim sounds in contract and arises from the implied covenant of good faith and fair dealing.[12]  To state such a claim, a plaintiff must allege facts showing that the insurer refused to honor its contractual obligations "clearly without any reasonable justification,"[13] and, where punitive damages are sought, that the insurer acted with reckless indifference or malice toward the insured.[14]

6.      The Complaint fails to allege facts sufficient to satisfy these elements. The pleading fails to identify any specific contractual provision that Defendant allegedly breached and does not plead facts showing the absence of a bona fide dispute over coverage or damages.[15]

7.      The Complaint also does not allege any facts which could plausibly support an inference of bad faith—such as prolonged delay, intentional misconduct,

---

[12] *Enrique v. State Farm Mut. Auto-Mobile Ins. Co.*, 2015 WL 6330920, at *3 (Del. Super. Oct. 14, 2015) (citing *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 440 (Del. 2005)), *aff'd sub nom. Enrique v. State Farm Mut. Automobile Ins. Co.*, 142 A.3d 506 (Del. 2016).
[13] *Geico Gen. Ins. Co. v. Green*, 308 A.3d 132, 144 (Del. 2022) (quoting *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 369 (Del. Super. 1982)).
[14] *Enrique*, 142 A.3d at 512; *Powell v. AmGuard Ins. Co.*, 2019 WL 4509165, at *3 (Del. Super. Sept. 19, 2019).
[15] *See* Compl. (D.I. 1).

misrepresentation, or a suspicious pattern of claims-handling behavior—but only the assertion that Plaintiffs feel Defendant was "being dishonest and deceitful."[16]

8. Further, the Complaint leaves unresolved threshold issues necessary to evaluate any purported bad faith theory, including what specific coverage was allegedly implicated (e.g., personal injury protection), whether Plaintiffs proceed as a first-party insured or a third-party claimant, and what contractual relationship, if any, gives rise to the duties Plaintiffs claim were breached.[17]

9. Although the Court accepts well-pleaded factual allegations as true, it is not required to accept conclusory allegations unsupported by specific facts.[18] As such, conclusory allegations that an insurer acted in bad faith or failed to comply with Delaware law, without factual allegations describing how the insurer's conduct lacked reasonable justification, are insufficient as a matter of law. Even a *pro se* litigant must provide the Court with enough information to permit a meaningful consideration of the merits.[19]

10. Nor does the Complaint allege facts supporting a breach of the implied covenant of good faith and fair dealing. The implied covenant cannot be used to

[16] *Id.*

[17] *Id.*

[18] *I Am Athlete, LLC v. IM EnMotive, LLC*, 2024 WL 4904685, at *5 (Del. Super. Nov. 27, 2024) (citing *Vito v. Waterslide Prop. Owners Assoc., Inc.*, 2022 WL 4372755, at *2 (Del. Super. Sept. 21, 2022)).

[19] *Chrustowski v. Minuti*, 2025 WL 2985737, at *2 (Del. Super. Oct. 22, 2025) (citing *Brown v. Delaware State Hous. Auth.*, 2024 WL 5245550, at *2 (Del. Super. Dec. 30, 2024)).

create a free-floating duty unattached to the insurance contract itself;[20] rather, it protects the insured's reasonable expectations under the express terms of the contract.[21] A plaintiff must therefore allege conduct that arbitrarily or unreasonably frustrated the fruits of the insurance bargain. The Complaint alleges no such conduct and as such is legally insufficient.

11. Accordingly, the Complaint fails to state a cognizable claim for insurance bad faith or breach of the implied covenant of good faith and fair dealing. Since the alleged bad faith theory is the sole plausible basis for relief apparent on the face of the pleading, the Complaint is legally frivolous within the meaning of 10 *Del. C.* § 8803(b).

12. As an aside, the Court notes that the only date alleged in the Complaint is April 2018, which strongly suggests that any contract or personal-injury-based claims may be time-barred.[22] The Complaint also pleads no facts suggesting tolling, delayed accrual, or any other basis to avoid the limitations bar. However, because the issue of legal frivolity is dispositive, the Court need not rely on the statute of limitations as the ground for dismissal.

---

[20] *See Dunlap*, 878 A.2d at 441 (". . . implied good faith cannot be used to . . . create a free-floating duty . . . unattached to the underlying legal document.") (internal quotations omitted).
[21] *See id.* at 444.
[22] Claims sounding in contract are subject to a three-year limitations period. 10 *Del. C.* § 8106. Claims alleging personal injury are subject to a two-year limitations period. 10 *Del. C.* § 8119.

13.    For these reasons, the Complaint is subject to dismissal under Rule 12(b)(6).

WHEREFORE, Plaintiffs' application to proceed *in forma pauperis* is hereby **GRANTED**, and the Complaint is **DISMISSED.**

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
*Via File & ServeXpress & U.S. Mail*
oc:    Prothonotary
       Aaron Brown and Nicole Miles-Berry, *Pro Se – Via U.S. Mail*